**STATE of Indiana, ex rel., Larime WILSON, Relator,**

v.

**The MONROE SUPERIOR COURT IV and the Honorable Kenneth G. Todd, as Judge Thereof, Respondents.**

No. 1082S391.

Supreme Court of Indiana.

Feb. 15, 1983.

Guy R. Loftman, Colman & Loftman, Bloomington, for relator.

Philip C. Hill, Bunger, Harrell & Robertson, Bloomington, for First Nat. Bank.

## ORIGINAL ACTION

GIVAN, Chief Justice.

This Court granted relator's petition for alternative writ of mandamus and prohibition against respondent judge on October 14, 1982.

An agreed statement of the record shows the following. On March 15, 1982, a judgment in the amount of $297.56, plus costs of the action, was entered against relator Wilson and in favor of the First National Bank of Bloomington by the respondent court. The bank had alleged relator had breached her contractual duty to pay debt associated with the use of her MasterCard credit card.

On March 22, 1982, relator appeared in respondent court. The court found relator to be unemployed and ordered her to pay $15 per month beginning April 1, 1982, toward satisfaction of the judgment. He further ordered her to appear on April 12, 1982. At that time the court was informed relator had failed to make the payment due April 1, 1982. Relator requested an opportunity to arrange restitution work instead of money payments. On April 19, 1982, relator again appeared in court. The court reviewed a letter written by the Bank to the court indicating the Bank's unwillingness to accept restitution. The court ordered relator to seek employment and to provide evidence of her efforts when she appeared in court on April 26, 1982. She was taken into custody by the Sheriff of Monroe County pursuant to a writ of attachment and produced in open court on June 21, 1982, after failing to appear on April 26, 1982. The following day, relator was sentenced to and served six days in jail for her failure to appear and "for her refusal to make any attempt or proposition to satisfy the judgment herein, the court having previously found the defendant to be physically and mentally capable of undertaking some constructive activity to satisfy said judgment." She was further ordered to submit on July 20, 1982, a reasonable plan to satisfy the judgment.

On July 20, 1982, relator appeared in court stating she had no personal or real assets in excess of the statutory exemptions allowed by I.C. § 34–2–28–1. Relator had not been employed at any time since the action was filed. Relator was physically fit and mentally able to seek and perform gainful employment. Choosing not to seek employment or own money or assets, relator lives on land in which she has no legal

interest. To provide for her other needs, she grows food, forages, scavenges and shares with friends. Relator refused to borrow money or allow friends to satisfy the debt. Relator proposed the judgment stand to be satisfied at the time she might obtain attachable assets although she had no present intent of ever possessing attachable assets.

At the close of the hearing, respondent court found relator in indirect contempt of court for her refusal to comply with the March 22, 1982, order to pay $15 per month and its June 22, 1982, order to submit a reasonable proposal to satisfy the judgment. Relator was sentenced to serve twelve (12) days for contempt. At the time of the hearing on relator's petition for alternative writ of mandamus and prohibition, she had served nine (9) days of the sentence. The remaining three (3) days were stayed pending the outcome of the writ hearing. Relator's petition was granted by this Court against respondent judge on October 14, 1982. Respondent judge filed his brief to show cause why the temporary writ of mandate and prohibition should not be made permanent.

Respondent claims relator failed to comply with the provisions of Rules of Procedure for Original Actions, Rule 2(A). Thus, he contends, the issue has been waived. Rule 2(A) reads:

"(A) *Conditions Precedent to Making Applications for Writs.* Except in original actions involving a change of venue from the judge or county, no application for a writ of mandamus or prohibition will be entertained unless the relator has raised the absence of jurisdiction of the respondent court or the failure of the respondent court to act when it was under a duty to act by a written motion filed therein and brought to the attention of the judge thereof, and the written motion has been denied or not ruled on timely."

Respondent maintains relator raised only an absence of jurisdiction to imprison her for debt and did not raise the jurisdictional question of imprisonment for failure to submit a reasonable proposal to satisfy the judgment.

Relator contends she submitted a proposal (that the judgment remain unsatisfied until she had attachable assets without agreeing to seek attachable assets.) Having found her plan unreasonable, the court found her in contempt of court for noncompliance with its orders to make installment payments and submit a reasonable plan for repayment. Relator reasons her imprisonment under these circumstances is for debt. She alleges her imprisonment for debt, constitutionally prohibited, raises the jurisdictional issue as set forth in her motion presented to the trial court. We agree with relator.

Respondent claims relator has not sustained her burden of proving any prohibition against ordering a judgment debtor to submit a reasonable proposal to satisfy a money judgment. Respondent supports his argument with *State ex rel. Egger v. Marion County Superior Court, Room No. 7,* (1982) Ind., 435 N.E.2d 993. In that case the relator had been ordered by respondent to pay the fees of his former wife's attorney for his representation in their divorce proceeding. The court held a hearing on May 20, 1981, culminating in a finding of contempt. Respondent noted the following in its order of September 4, 1981:

"2. That thereafter on December 15, 1980 counsel filed his affidavit for contempt citation and this matter was set for hearing on the 23rd day of December 1980 and thereafter continued until January 5, 1981 and has subsequently continued until its last hearing before this Court on May 20, 1981, at which time the Court found the Respondent [relator herein] to be in contempt of the Court and ordered him to obtain employment and render to the Court a resume of his income, outgo and places of employment which he had interviews at and the results obtained prior to the present hearing before this Court."

A hearing was held during which information about relator's efforts to obtain employment, his income and expenditures since the May 20, 1981, order was presented

to the court. The court subsequently entered the following order:

"THE COURT NOW FINDS that the Respondent continues in contempt of this Court and that he has not made a good faith attempt at compliance with the orders of this Court. That he should be required to obtain employment of some type forthwith and that he should provide weekly resumes to the Petitioner's counsel ... of all attempts to obtain employment, the place at which an employment interview was conducted, the person talked to and the results obtained when fruitful or not and that if in the opinion of the counsel for the Petitioner, the Respondent is not making a good faith attempt to obtain employment, counsel for the Petitioner shall have the right to request the Court to advance the compliance hearing hereinafter set by the Court."

Contrary to relator's assertion that he had unconstitutionally been imprisoned for a debt in the form of a money judgment for attorney fees, we held relator had failed to furnish information pursuant to the lawful order of May 20, 1981. Thus, his noncompliance was properly the subject of contempt.

Respondent argues the order in *Egger*, to seek employment and provide specific information, is more coercive than the order at issue in the case at bar. However, in *Egger,* the sole contumacious conduct was relator's complete failure to provide the information ordered. In the case at bar, the conduct resulting in the finding of contempt was relator's nonpayment of the $15 installment and relator's proposal which was unacceptable to the respondent. The Indiana Constitution, Article 1, Section 22, prohibits imprisonment for debt. Because she cannot be imprisoned for failure to pay the judgment debt, relator may not be imprisoned for proposing the judgment remain unsatisfied until she obtains attachable assets.

Having found the contempt order to be unlawful, respondent's remaining arguments need not be addressed.

The temporary writ of mandate and prohibition heretofore issued is made permanent.

All Justices concur.