### BENDICK v. MEYER.

(Supreme Court, Special Term, New York County. May, 1911.)

1. EXECUTION (§ 380*)—SUPPLEMENTARY PROCEEDINGS—ADDITIONAL ORDER FOR EXAMINATION OF JUDGMENT DEBTOR.

    A judgment creditor, who discloses that his debtor, since his last examination under an order in supplementary proceedings, has come into possession of personal property and cash amounting to a substantial sum, is entitled to a new order for the debtor's examination, to enable him to reach the newly discovered property, without first obtaining an order to vacate the former order.

    [Ed. Note.—For other cases, see Execution, Cent. Dig. § 1118; Dec. Dig. § 380.*]

2. EXECUTION (§ 380*)—SUPPLEMENTARY PROCEEDINGS—ADDITIONAL ORDER FOR EXAMINATION OF JUDGMENT DEBTOR.

    Where proceedings under an order for the examination of a judgment debtor in supplementary proceedings are not closed or abandoned, they may be consolidated with proceedings under a new order for the examination of the judgment debtor, issued on a showing that, since the debtor's examination under the previous order, he has come into possession of personal property and cash.

    [Ed. Note.—For other cases, see Execution, Cent. Dig. § 1118; Dec. Dig. § 380.*]

Action by Sidney S. Bendick against Louis G. Meyer. On motion to vacate order in proceedings supplementary to execution. Denied. See, also, 127 N. Y. Supp. 1111.

Thomas O'Callaghan, for the motion.
Katz & Sommerich (Charles Trosk, of counsel), opposed.

GIEGERICH, J. [1] It is alleged in the affidavit upon which the present order for the examination of the judgment debtor in supplementary proceedings was obtained that since his last examination under a previous order he has come into the possession of personal property and cash amounting at least to $5,000. Under these circumstances the judgment creditor was clearly entitled to a new order for his debtor's examination, to the end that he might reach the newly discovered property without first obtaining an order to vacate the former order.

[2] The proceedings under the old order, if not already closed or abandoned, and those under the new one may be consolidated. Riddle & Bullard on Supp. Pro. (3d Ed.) p. 484. These views are not at variance with those expressed by me in Schwarmecke v. Glenny, 54 Misc. Rep. 36, 103 N. Y. Supp. 499, where the point under discussion does not appear to have been raised.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The motion to vacate the order of May 8, 1911, for the judgment debtor's examination, is therefore denied, with $10 costs, and he is directed, in continuance of such order, to appear for examination at a time and place to be specified in the order to be entered hereon.

Settle order on notice.