JACKSON AND JACKSON *v.* JOHNSON.

[No. 20,417. Filed December 30, 1966.]

*Brooks C. Pinnick* and *Rockhill, Vanderveer, Kennedy & Pinnick,* both of Warsaw, for appellants.

*George F. Stevens* and *Stevens, Wampler, Travis & Feagler,* both of Plymouth, and *Max E. Reed* and *Widaman, Bowser, Widaman and Reed,* both of Warsaw, all for appellee.

PRIME, J.—This is an appeal from a determination of property ownership, relating to proceedings supplementary to execution of another judgment rendered against appellant Desmond Jackson. The trial court found a business known as West End Motors to be an asset of Desmond Jackson, and

subject to attachment and execution. The case turns on the ownership of West End Motors.

The record shows that for some time prior to July, 1963, Desmond Jackson owned and operated the business. In that month there was a purported transfer of ownership from Desmond Jackson to his wife, Mildred Jackson. Thereafter Desmond took no salary or other earnings from the business, with Mildred drawing $100 per week from the operation. Desmond continued to work six days a week selling used automobiles for the business. An additional $5,000 was invested in the business, apparently by Mildred, but the source of her interest in the money is unclear.

At all times prior and subsequent to the July, 1963, transfer Desmond operated the business. He did all the hiring and firing, arranged floor plan agreements for financing the automobiles in stock, and signed all the checks for the business until the time of the alleged transfer. The only financing agreement filed with the Secretary of State of Indiana bore the signature of Desmond.

The statutory action of proceedings supplemental to execution is set out in Burns' Indiana Statutes § 2-4401:

"When an execution against the property of the judgment debtor or any of several debtors in the same judgment, issued to an officer authorized to serve the same at the place where such judgment debtor resides, or, if he do(es) not reside in the state, to the officer of the court rendering such judgment who is authorized to serve such execution, is returned unsatisfied, in whole or in part, the judgment creditor, after such return is made, shall be entitled to an order, to be issued by any circuit, superior, municipal or city court or by any justice of the peace in the jurisdiction to which such execution issued, or by the clerk thereof in vacation, requiring the judgment debtor to appear forthwith before the court, if in session, or, if the court is not in session, then before the judge thereof, at a time and place to be specified therein, or on the first day of the next term of the court, to answer concerning his property or income or profits within the county to which the execution was issued; and a transcript of a judgment from a justice of the peace filed and

docketed in the circuit court shall, for the purposes of this act, have all the effect of a judgment rendered originally in such court. [Acts 1881 (Spec. Sess.), ch. 38, § 592, p. 240; 1937, ch. 84, § 1, p. 440.]"

Appellant contends that the trial court improperly considered the entire question of transfer of ownership, and thus could not examine its fraudulent nature, if any. He correctly states that an affidavit for proceedings supplementary to execution must raise any and all issues which the trial court might decide in reaching its final determination. Appellee's affidavit stated:

"That he is agent for the Plaintiff in the above-entitled cause and that Plaintiff recovered a judgment against the Defendant in the above-entitled cause on the 8th day of August, 1963, in the principal sum of Six thousand one hundred forty-nine Dollars and Eighty-eight cents ($6,149.-88), plus the Court costs.

"That thereafter the Plaintiff ordered the Clerk of the Kosciusko Circuit Court to issue execution upon said judgment to the Sheriff of Kosciusko County, Indiana, the county wherein the Defendant then resided and now resides; that said execution has been returned by said Sheriff unsatisfied.

"That said judgment is unpaid and remains unsatisfied at the present time.

"Affiant further avers that he is informed and verily believes that the Defendant has real estate, personal property, assets, commissions, or income which can be applied toward the satisfaction of said judgment, which the Defendant refuses to so apply.

"Affiant further alleges that the Defendant is regularly employed by Mildred Jackson, d/b/a West End Motor Sales, and that the said Mildred Jackson, d/b/a West End Motor Sales, is, or will be, indebted to the Defendant in amounts to be determined and payable from time to time; that these amounts when determined and paid, together with other property claimed exempt from execution, will exceed the amount of property exempt by law from execution belonging to the Defendant.

"WHEREFORE, your affiant prays that an order issue from this Court ordering the Defendant, Desmond Jackson,

to be and appear in the Kosciusko Circuit Court, to answer as to any real estate, personal property, assets, commissions or income, which he may have subject to execution for the satisfaction of this judgment and to bring with him his books and records showing his gross income from the past six (6) months."

The substance of the question before us is the extent to which a trier of fact may develop the issues raised by an affidavit commencing proceedings supplemental to execution. Public policy demands that wide latitude be given and broad discretionary power be exercised by the trial court, to the end that properly rendered judgments are satisfied. The major purpose behind enactment of this statute is determination of a judgment debtor's assets. If his assets were known and identifiable, there should be no need for recourse to these proceedings. If unknown and unidentifiable, as evidenced by a sheriff's return, a judgment creditor should not be forced to speculate as to what assets, if any, might qualify for satisfaction of the judgment.

We deem this affidavit to have alleged with sufficient particularity that appellant had property which might be subject to execution. It prayed for an order to issue that Desmond appear and answer to any assets he had. The fact of generality of language is not fatal; on the contrary, it is keeping with the terms of the statute. This being the case, the trial court quite properly allowed information concerning the alleged transfer to enter the record. The trial court heard appellant's evidence that there was a valid, non-fraudulent transfer, as well as appellee's evidence of either an ineffective or fraudulent transfer. A determination was made that Desmond was the owner of the business assets of West End Motors, which determination must stand unless uncontraverted evidence to the contrary is shown. Such evidence does not exist as we view the transcript. The rule is succinctly stated in *City of Mitchell* v. *Stevenson* (1964), 136 Ind. App. 340, 201 N. E. 2d 58:

"There is, therefore, some conflict in the evidence on this issue. But the trial court, in its capacity as trier of the facts, was able to see and hear the witnesses, observe their demeanor and determine where the truth lay. This court can consider only that evidence most favorable to the appellee, together with all the inferences reasonably deductible therefrom and favorable to her cause. We will not re-examine or weigh the evidence, since that function is entrusted to the trial court. The only function this Court exercises on appeal is to see if there was some competent evidence to support the trial court's determination."

See also: *Pelkey* v. *Strom* (1963), 135 Ind. App. 163, 187 N. E. 2d 753, transfer den. 191 N. E. 2d 711. *Chadwick* v. *Baughman* (1963), 134 Ind. App. 305, 187 N. E. 2d 588. *Burk* v. *C&D R.R.* (1964), 138 Ind. App. 634, 202 N. E .2d 387.

The appellant makes the statement: "These funds were her sole property and not subject to execution to pay the debts of her husband." Such a statement must be supported by cogent argument and citation of authority. *Chadwick* v. *Baughman, supra; Burk* v. *C&D R.R., supra.*

The appellants concede that prior to July, 1963, Desmond Jackson "had an interest in West End Motors." The only change of operation after that date was a store license taken out in the name of Mildred Jackson, the establishment of a checking account in her name and the recording of a certificate of assumed business name. We find no bill of sale, no written contract, or change in the operation of the business. All other property remained as it was prior to July 1963. Upon this evidence, the court found that Desmond Jackson was the owner of West End Motors and that the assets were subject to execution.

We believe the trial court was justified in finding that there was no actual transfer from Jackson to his wife. Since Jackson continued to assert control of the business and operate it from day to day, hire and fire all the personnel, buy and sell all the cars and perform all the duties that normally are discharged by the owner of any business, it was certainly logical

and proper for the trial court to find that he was in truth the owner of the business.

Taking the facts and all reasonable inferences therefrom in favor of appellee as we must, we hold that the court committed no reversible error.

The judgment appealed from is hereby affirmed.

Carson, J., and Wickens, C. J., concur.

Faulconer, J., concurs in result.

NOTE.—Reported in 218 N. E. 2d 370.