ROBERT JOE TIPTON, ET AL. *v.* CHARLES A. FLACK

[No. 670A87. Filed June 29, 1971.]

*Robert D. Schuttler,* of Evansville, for appellants.

*William Marshall,* of Princeton, for appellee.

STATON, J.—This is an appeal from a judgment in garnishment issued January 28, 1970, by the Gibson Circuit Court.

The appellee, Charles A. Flack, brought a mortgage foreclosure against the appellants, Robert Joe Tipton and his ex-wife, Betty Joyce Boyken. A judgment was entered for the appellee in the sum of One Thousand Four Hundred Twenty-Seven Dollars and Eighty Cents ($1,427.80). The execution on this judgment was returned by the sheriff showing that he failed to find any property subject to execution or *nulla bona*. Appellee then filed an affidavit for Supplementary Proceedings on March 7, 1969, which petition is as follows:

*"COMPLAINT FOR SUPPLEMENTARY PROCEEDINGS*

Charles A. Flack, being first duly sworn, says:

1. That he is one of the defendants in this action and that heretofore he obtained a judgment in this Court against the defendants, Robert Joe Tipton and Betty Joyce Boyken, formerly the wife of the defendant, Robert Joe Tipton, but now divorced, for $1,427.80 together with interest of six (6) per cent on said judgment from the date of judgment to date.

2. That on January 10, 1969, he caused an execution to be issued to the Sheriff of Gibson County, Indiana, and that on February 14, 1969, said Sheriff returned said execution with an endorsement thereon showing that he failed to find any property subject to execution.

3. That the defendant, Robert Joe Tipton, is a resident of Gibson County, Indiana.

4. That said judgment is still wholly unpaid.

WHEREFORE, the petition prays that an order issue to the defendant, Robert Joe Tipton, requiring him to appear before this court to answer under oath concerning his property within Gibson County, Indiana, and for all just and proper relief in the premises."

At the conclusion of the hearing the court issued the following order on June 12, 1969:

"Comes now the defendant and cross-complaintant, Charles A. Flack by his attorney, William J. Marshall, and comes also the defendant, Robert Joe Tipton, in person

and by his attorney, Robert D. Schuttler, and this being the day fixed for hearing on the defendant's Motion for Summary Judgment, the same having been filed and served on the cross-complaintant more than ten days before the hearing date hereof, and no opposing affidavits having been filed by said cross-complaintant, the same now comes on for hearing and determination by the court. And the court now examines said motion for summary judgment and having heard the arguments of counsel and being duly advised in the premises, now finds that there is a genuine issue as to material facts and that the defendant is not entitled to a judgment as a matter of law and that the motion for summary judgment should be overruled. And the court now overrules defendant Robert Joe Tipton's Motion for Summary Judgment.

And the court now hears evidence on the complaint for Supplemental Proceedings heretofore filed by the defendand and cross-complaintant, Charles A. Flack, and being duly advised in the premises now finds that the defendant, Robert Joe Tipton, should pay to the Clerk of the Gibson Circuit Court Ten (10%) per cent of his wages above $15.00 each week to be applied upon the judgment heretofore rendered in this cause against the said Robert Joe Tipton and in favor of Charles A. Flack and Mary Francis Flack, but that this order should be stayed until July 11, 1969.

IT IS THEREFORE ORDERED that the defendant, Robert Joe Tipton, pay to the Clerk of the Gibson Circuit Court ten (10%) per cent of his wages above $15.00 each week to be applied upon the judgment heretofore rendered in this cause against the said Robert Joe Tipton and in favor of Charles A. Flack and Mary Frances Flack, but that this order be stayed until July 11th, 1969.

IT IS FURTHER ORDERED that the defendant, Robert Joe Tipton, pay the costs of this action."

Thereafter, on September 20, 1969, the appellee brought another action entitled "Petition for Garnishment," excluding the caption, which reads as follows:

## "PETITION FOR GARNISHMENT

William J. Marshall, being first duly sworn, says:

1. That he is the attorney for the defendant, Charles A. Flack, in the above captioned cause.

2. That on May 22, 1967, judgment was rendered in favor of the defendant, Charles A. Flack, against the defendants, Robert Joe Tipton and Betty Joyce Boyken, formerly the wife of the defendant, Robert Joe Tipton, but now divorced, for $1,427.80 together with interest of six (6) per cent of said judgment from the date of judgment to date.

3. That on January 10, 1969, he caused an execution to be issued to the Sheriff of Gibson County, Indiana, and that on February 14, 1969, said Sheriff returned said execution with an endorsement thereon showing that he failed to find any property subject to execution.

4. That the defendant, Robert Joe Tipton, is a resident of Gibson County, Indiana.

5. That the defendant, Robert Joe Tipton, has earnings and income which he refuses to apply towards the satisfaction of said judgment and costs, and that said judgment, together with interest is now unpaid.

6. That the defendant, Louisville and Nashville Railroad Company, is the employer of the defendant, Robert Joe Tipton.

7. That the defendant, Charles A. Flack, is unable to determine the amount of property, income or proceeds that said employer is now or will be indebted to the said Robert Joe Tipton for wages, salary or earnings.

8. That said employer, Louisville and Nashville Railroad Company, has in its possession records from which the court may determine the income of said Robert Joe Tipton.

WHEREFORE, the affiant asks that an order issue from this court to the defendant, Robert Joe Tipton, fixing a time and directing that he appear and answer under oath concerning his income, proceeds and property in said county, and that a further order issue to Louisville and Nashville Railroad Company fixing a time and directing him to appear in this court to answer under oath concerning the wages, salary, earnings or commissions now due or to hereafter become due to said Robert Joe Tipton from said Louisville and Nashville Railroad Company, employer, and that an order for ten (10%) per cent over fifteen dollars ($15.00) earned by the defendant, Robert Joe Tipton, per week be a continuing lien upon his earnings until said judgment, the interest; thereon, and costs herein are fully paid."

On this "Petition for Garnishment" and after hearing, the court issued the following order:

"IT IS, THEREFORE, ORDERED ADJUDGED AND DECREED that the Sheriff of Vanderburgh County, Indiana levy upon the wages, salaries, commissions or earnings of the defendant, Robert Joe Tipton, from the employer of the said Robert Joe Tipton, and said employer, Louisville and Nashville Railroad Company, located in Vanderburgh County, Indiana, is ordered, as provided by law, to pay into the hands of the Sheriff of Vanderburgh County, Indiana ten (10%) per cent of any and all wages, salaries, commissions or earnings over the sum of $15,00 per week, now due or hereafter to become due to the said Robert Joe Tipton until the aforesaid judgment of $1,427.80 with interest of six (6%) per cent per annum from May 22, 1967, and the court costs are fully satisfied.

This order to be effective this date, unless a prior garnishment order or orders against Robert Joe Tipton is or are presently in effect and unsatisfied; in which event, this order to be effective as of the date as such prior order or orders is or are fully satisfied. Provided, However, that no execution shall issue herein for a period of six days from this date as provided by Rule 62 of the Indiana Rules of trial procedure."

The only issue raised by this appeal is set forth in Appellants' Motion to Correct Errors:

"The decision of the court is contrary to law.

The judgment of the court entered January 31, 1970 is contrary to law since a similar judgment to withhold funds for the satisfaction of the judgment sued upon was entered by this court on June 12, 1969 and the same is res adjudicata as to any subsequent proceedings in garnishment. After securing the first judgment in garnishment the garnishment plaintiff filed another suit in garnishment a few months later and upon this complaint another garnishment order was entered.

* * * The pleadings in this cause conclusively show that a trial and judgment rendered was had on June 12, 1969 in the same case and the same was in full force and effect and no action had been taken by the same plaintiff to have the same set aside and declared null and void as to make possible the filing of another garnishment suit. The par-

ties to the complaint in garnishment in the judgment entered on June 12, 1969 were the same except for the addition of a new party defendant, the Louisville and Nashville Railroad."

The issue to be determined here is whether the first judgment is *res judicata* and a bar to a second or subsequent proceeding.

The appellants have given as their reasons for considering the judgment rendered June 12, 1969, *res judicata:*

(1)   that the second proceedings supplemental was on "the same case,";

(2)   that the first judgment was "in full force and effect and no action had been taken by the same plaintiff to have the same set aside and declared null and void . . . "; and,

(3)   that the parties were the same in the second proceeding except for the Louisville and Nashville Railroad.

We cannot agree with the appellants' contention that the first judgment was a bar to a second or subsequent supplementary proceedings and thereby *res judicata*. In our opinion, the appellants have failed to meet the tests to establish *res judicata*.

An order issued as a result of a proceeding supplemental, requiring money to be applied to the satisfaction of plaintiff's judgment is a final judgment. It is not interlocutory in nature. The jurisdiction of an appeal therefrom is in the Appellate Court.

"In other states, judgments in such proceedings are characterized as *quasi in rem*. 31 Am. Jur., Judgments, § 440, p. 97. No matter what the judgment may be called, it is clear that it operates *with respect to specific property,* in this case money derived from a definite source, and that there is finality in the application of such property to the payment of the original judgment to which the proceedings are supplemental." (Our emphasis). *Pisarski* v. *Glowiszyn* (1941), 220 Ind. 128, 41 N. E. 2d 358.

The statute primarily under consideration is found in IC 1971, 34-1-44-1; Ind. Ann. Stat., § 2-4401 (Burns 1970).

"This statute, being remedial it is to be liberally construed in favor of its obvious purpose, namely, the satisfaction of judgments from property of judgment debtors, which property is not exempt from execution." *Baker* v. *Powell* (1953), 124 Ind. App. 77, 79, 114 N. E. 2d 894.

IC 1971, 34-1-44-7; Ind. Ann. Stat., § 2-4406 (Burns 1968) further provides that:

" . . . [S]uch judge or court shall have full power to enforce all orders and decrees in the premises, by attachment or otherwise."

In *Jackson* v. *Johnson* (1966), 140 Ind. App. 70, at 74, 222 N. E. 2d 409, this court stated:

" . . . Public policy demands that wide latitude be given and broad discretionary power be exercised by the trial court, to the end that properly rendered judgments are satisfied."

[For further discussion see 14 Ind. L.J. 353 (1939)]
"There has been much difficulty in determining what is a cause of action and applying the rule *res judicata* (See 6 Indiana Law Journal, 203). But there is a clear distinction between the procedure by which the right to have a judgment is determined, and the procedure by which the judgment is afterwards enforced. The determination of whether a party is entitled to judgment involves primary rights, and the substantive law, and is for judicial determination. The enforcement of the judgment involves the adjective law and executive action." *Beavens* v. *Groff* (1937), 211 Ind. 85, 89, 5 N. E. 2d 514, 516; 108 A. L. R. 694.

An examination of the "Petition for Garnishment" at rhetorical paragraphs 5, 6, 7 and 8 clearly presents *specific property* and issues which are absent from the first petition and order.

The specific property acted upon in the second order was earnings and income from a specific employer, Louisville and Nashville Railroad Company. There is no showing that the

first judgment acted upon this specific source of income or that this specific employer was a party to the first action. The first judgment does not mention any specific property, source of income or employer.

The second petition indicates upon its face that the appellant or judgment-debtor has come into a source of income since the first examination and that the appellee or judgment-creditor is asking the court for a second examination on this specific source of income. It is clearly the law in Indiana that a judgment-creditor seeking satisfaction of a judgment may not pursue the same property in repeated proceedings, but he may have different property made subject to his judgment by sucessive proceedings. *Beavans* v. *Groff, supra,* and *Pisarski v. Glowiszyn, supra.* The appellant could have voluntarily complied with the first order and thus avoided the second action. Failing to comply voluntarily, the court may consider a second action which brings before the court specific property or specific sources of income acquired after the first hearing and not previously considered by the court.

A judgment upon a proceeding supplemental will only be a bar to a second such proceeding when it is clear that: (1) the same specific property is being acted upon by the court; (2) the same issues are being presented in the second proceeding that existed in the first; (3) the same evidence is required to support the allegations set forth in both the first and second petition; and, (4) the same parties are involved for the same purpose or same objective. *Baker* v. *State, ex rel. Mills* (1886), 109 Ind. 47, 9 N. E. 711.

The appellants fail on all four of the tests set forth above. No specific property or source of income was acted upon in the first judgment. The issue of applying income from the Louisville and Nashville Railroad Company toward the satisfaction of the judgment was not raised in the first proceeding as shown on the face of the court's first judgment.

Appellee further alleged in his second petition at rhetorical paragraph seven (7) that "he is unable to determine the amount of property, income or proceeds that said employer is now or will be indebted to this said Robert Joe Tipton for wages, salary or earnings." The first proceeding was much in the nature of the old bill of discovery requiring the appellants to appear and answer concerning their assets and property. The second proceeding concerned itself not with a general discovery of all assets and property but with the application of specific property to the satisfaction of the judgment. It requires, on its face, evidence much different than the evidence presented during the first proceeding.

Where the first order is not closed or abandoned, it may be consolidated with proceedings under a new order for examination of the judgment-debtor. *Bendick* v. *Meyer* (1911), 129 N. Y. S. 772, 72 Misc. 156, 158. See also Riddle & Bullard on Supp. Proc. (3d Ed.), p. 484.

We are of the opinion that the appellants have failed to meet the test of *res judicata*

Judgment affirmed.

Hoffman, C. J. and White, J. concur.

Sharp, J., not participating.

NOTE.—Reported in 271 N. E. 2d 185.