FEDERAL LOAN CORPORATION, Plaintiff-Appellant, *v.* WILLIE HARRIS, Defendant-Appellee.

(No. 57174; )

First District (2nd Division)—January 8, 1974.

Olson and Hanelin, of Chicago (J. W. Olson, of counsel), for appellant.

No appearance and no brief filed for appellee.

Mr. PRESIDING JUSTICE HAYES delivered the opinion of the court:

This appeal arises from an order denying plaintiff-appellant's motion for further supplementary proceedings under Supreme Court Rule 277 (Ill. Rev. Stat. 1969, ch. 110A, par. 277), and denying plaintiff-appellant's

motion for the issuance of an alias writ of attachment for contempt against the defendant.

On 12 July 1965 plaintiff Federal Loan Corporation obtained a judgment by confession in the amount of $1000 against the defendant, Willie Harris. On 28 March 1969, a citation to discover assets was requested by and issued to plaintiff. Defendant was personally served with the citation on 7 April 1969, but failed to appear on the day assigned for the hearing. Thereafter, a rule to show cause why defendant should not be attached and punished for contempt was entered on 13 May 1969 and personally served on defendant on 2 June 1969. Defendant failed to appear and a writ of attachment based on probable cause that defendant had committed a contempt was issued on 29 July 1969. The writ of attachment was returned "not found" on 2 November 1969.

Thereafter, on 3 December 1971, plaintiff filed a motion for further supplementary proceedings under Rule 277(a). The lower court found that the affidavit in support of the petition did not set out facts to indicate that there was reason to believe that defendant had property or income which plaintiff was entitled to reach (as required by Rule 277(a)), and denied the motion. Plaintiff then orally moved for the issuance of an alias writ of attachment on the prior citation proceeding. The court denied that motion on the ground that the prior citation proceeding had terminated under the provisions of Rule 277(f), because more than six months had expired since the service of the citation by which it had been commenced.

Plaintiff appeals from both rulings. Defendant has neither filed a brief nor argued this case before this court.

OPINION

The first question for us to decide is whether it was error for the lower court to deny plaintiff's motion for further supplementary proceedings. Supreme Court Rule 277(a) (Ill. Rev. Stat. 1969, ch. 110A, par. 277(a)) requires, in part, that a motion for further supplementary proceedings be supported by an affidavit stating facts which give the judgment creditor reason to believe that the judgment debtor has property or income, the existence of which was not known to the judgment creditor during the pendency of any prior supplementary proceeding. The affiant must further state that the proceeding is sought in good faith to discover assets and not to harass the judgment debtor.

■■ A general "fishing expedition" for assets may be had only on the initial citation, which does not require any express leave or order of court. (Ill. Rev. Stat. 1969, ch. 110A, par. 277(a).) Thereafter, any later supplementary citation proceeding requires express leave and order of court, precisely because it requires the existence of facts giving the

judgment creditor reason to believe that the judgment debtor has property or income which the judgment creditor is entitled to reach.

The motion in the case at bar on 3 December 1971 was denied because the affidavit supporting the motion contained no such facts whatsoever. Our examination of the affidavit discloses no "fact" other than that the defendant had not been previously examined. This being the case, it is our opinion that the denial of the motion for further supplementary proceedings was proper.

■■ We note that this judgment debtor has never in fact been examined in a citation proceeding. On the other hand, plaintiff let more than six months go by without securing successive 28-day extensions of the six-month period . (the expiration of which terminates the citation proceeding)`, which extensions are available by leave of court without the allegations of fact required by Rule 277(a). (Ill. Rev. Stat. 1969, ch. 110A, par. 277(f).) (Indeed, more than two years elapsed after the expiration of the six-month period before plaintiff filed the instant. motion for further supplementary proceedings.) Therefore, plaintiff has put itself in the position of now being required to allege the specific facts warranting the granting of leave for further supplementary proceedings.

Finally, plaintiff contends that it was error for the lower court to deny plaintiff's oral motion for an alias writ of attachment relating to the citation proceeding in 1969. Defendant had been served on 7 April 1969 with the citation that had been issued on 28 March 1969. Rule 277(f) provides that a citation proceeding automatically terminates six months from the date of service of the citation. In this case, that date would have been 7 October 1969.

Plaintiff argues that the citation proceeding merged into and became a contempt proceeding, to which 277(f) would not be applicable. This theory appears based on a statement in *Eastman v. Dole* (1919), 213 Ill.App. 364, that a civil contempt order remains operative until the person in whose favor it was entered has been satisfied.

■■ *Eastman,* however, does not deal with the fact situation herein involved. In *Eastman* the contemnor had been adjudged in contempt after a hearing. Nowhere in the record in the case at bar do we find that defendant has ever been adjudged in contempt. Defendant had merely been served with a writ to show cause why he should not be held in contempt, and a writ of attachment had issued for the attachment of his person, based only on probable cause that he had committed a contempt. Further, not only was no contempt order entered in the instant case, but the statement in *Eastman* upon which plaintiff relies assumes the continuing operativeness of the underlying prior order or proceeding. Where, as here, the underlying citation proceeding has automatically terminated,

so must all other proceedings which are collateral to it except as exempted by Supreme Court Rule. (Ill. Rev. Stat. 1969, ch. 110A, par. 277(f).) No such exemption is applicable to the facts of this case.

Therefore, the denial of the motion for an alias writ of attachment in the 1969 citation proceeding is affirmed.

Orders affirmed.

STAMOS and LEIGHTON, JJ., concur.