Roger KIRK, Appellant–Respondent,

v.

MONROE COUNTY TIRE,
Appellee–Petitioner.

No. 53A01–9110–CV–298.

Court of Appeals of Indiana,
First District.

Feb. 11, 1992.

---

Thomas M. Frohman, Jamie Andree, Legal Services Organization of Indiana, Inc., Bloomington, for appellant-respondent.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Roger Kirk appeals from an order denying his motion to dismiss proceedings supplemental following a money judgment in favor of Monroe County Tire ("Monroe Tire"). We reverse and remand with instructions to grant Kirk's motion to dismiss.

## ISSUE

We consolidate and rephrase the issues on appeal as follows:

Did the trial court err in ordering Kirk to appear at a subsequent proceedings supplemental hearing when it had been established at the first hearing that Kirk had no income or attachable assets, and Monroe Tire did not request the subsequent hearing?

## FACTS

On May 21, 1990, the court entered a money judgment against Roger Kirk and in favor of Monroe Tire in the amount of $1,098.53, plus costs. Upon Monroe Tire's motion filed July 6, 1990, proceedings supplemental hearings were held on September 10, 1990 and November 13, 1990. No further hearings were scheduled until January 11, 1991, when Monroe Tire filed a second verified motion for proceedings supplemental.

Pursuant to the second motion, proceedings supplemental hearings were held on April 15, April 22, April 29, May 6, May 13, May 20, and July 1, 1991. At each of the hearings, Kirk completed a data sheet which stated he was unemployed and received no assistance. On June 4, 1991, Kirk filed a claim of property and income exemption from execution. In the claim and at the July 1, 1991 hearing, Kirk testified that he had not been employed since the May primary election when he earned fifty dollars ($50). He also testified that he did not own any real property, had no bank accounts or other financial interests of any value, and his personal property was worth less than $4,000.00.

On June 10, 1991, Kirk filed a motion to dismiss the order for proceedings supplemental, for attorney fees, and costs which the court denied. Kirk now appeals the trial court's denial of his motion to dismiss. He is not appealing from the trial court's denial of attorney's fees. A proceedings supplemental hearing set for July 22, 1991 has been stayed pending the outcome of his appeal.

## DISCUSSION AND DECISION

 We note at the onset Monroe Tire has not filed an appellee's brief in this case. Therefore, if Kirk shows prima facie error, we may reverse the trial court's ruling. *Equimart Ltd., Inc. v. Epperly* (1989), Ind. App., 545 N.E.2d 595, 597.

Kirk contends the trial court erred in ordering a subsequent proceedings supplemental hearing, not requested by Monroe Tire, once it was established that Kirk did not have garnishable income or attachable assets. We agree.

 Proceedings supplemental to execution pursuant to Ind.Trial Rule 69(E) are a creditor's means of remedying a debtor's failure to pay a money judgment. *Linton v. Linton* (1975), 166 Ind.App. 409, 430, 339 N.E.2d 96, 97, *on reh'g, trans. denied.* The proceedings may be enforced by a verified motion or with affidavits in the court where the judgment was rendered. T.R. 69(E). IND.CODE § 34-1-44-1 states:

> "If an execution against the property of the judgment debtor or any of several debtors in the same judgment is returned unsatisfied, in whole or in part, the judgment creditor, after the return is made, is entitled to an order to be issued by any circuit, superior, municipal, or city court in the jurisdiction to which the execution issued that requires the judgment debtor to appear before the court to answer concerning the judgment debtor's property, income, and profits within the county to which the execution was issued."

The proceedings are a continuation of the original cause of action, not new and independent civil actions. *Myers v. Hoover* (1973), 157 Ind.App. 310, 314-315, 300 N.E.2d 110, 113. The purpose of the proceedings is to determine if the debtor has income or property which can be used in satisfaction of the money judgment. *Hinds, Executor v. McNair* (1955) 235 Ind. 34, 40, 129 N.E.2d 553, 558.

Monroe Tire filed a second verified motion for proceedings supplemental on January 11, 1991. The court ordered Kirk to

appear and answer as to his non-exempt property. A proceedings supplemental hearing was held on April 15, 1991. However, Monroe Tire failed to appear. At the hearing the court determined that Kirk did not have any garnishable income or attachable property.

Further, the court ordered Kirk to comply with an agreement to pay five dollars ($5.00) per week and scheduled another hearing for the following week. Similar proceedings supplemental hearings were held on April 22, April 29, May 6, May 13, and May 20, 1991. At each hearing, Kirk was found to have no garnishable income or attachable property, Monroe Tire failed to appear, and the court scheduled a subsequent proceedings supplemental hearing. On June 4, 1991, Kirk filed a claim of property and income exempt from execution. Thereafter, Kirk filed a motion to dismiss proceedings supplemental. On July 1, 1991 after denying Kirk's motion, the court held yet another proceedings supplemental hearing. Although Monroe Tire appeared at the hearing, it did not question Kirk. Instead, the court conducted the questioning of Kirk. At the conclusion of the July 1 hearing, the court scheduled another hearing for July 22, 1991.

An order issued as a result of a proceedings supplemental, requiring money to be applied in satisfaction of the creditor's judgment is a final judgment. *Tipton v. Flack* (1971) 149 Ind.App. 129, 134, 271 N.E.2d 185, 189. Here, following the April 15, 1991 proceedings supplemental hearing, the court entered an order directing Kirk to comply with his agreement to pay five dollars ($5.00) per week until the judgment was paid in full; thus, the order was a final judgment. However as Kirk concedes, a final judgment on a proceeding supplemental is not necessarily a bar to a second proceeding and thereby *res judicata. See id.* A judgment on a proceedings supplemental will bar a second proceeding only when it is clear that: (1) the same specific property is being acted upon; (2) the same issues are presented; (3) the same evidence is necessary to support the allegations in both proceedings and (4) the same parties are involved, for the same purpose or same objective. *Id.* at 136, 271 N.E.2d at 190.

However, even if we were to assume that the first proceedings supplemental was not a bar to the second, this does not mean that Kirk, whose finances have remained unchanged since April 15, 1991, should be required to attend ongoing proceedings supplemental hearings and be reexamined continuously as to whether he has acquired any new assets or income. A second order or examination of the debtor requires a showing by the creditor that new facts justifying a new order or examination have come to the knowledge of the creditor. 33 C.J.S *Executions* § 365(3)(g) (1942). As explained in C.J.S.:

> If several examinations within a short time of one another have recently taken place, then facts should be shown from which it may be inferred that the judgment creditor will obtain useful information, and the examination is not being used as a club to enforce settlement of claims which the debtor is without property to pay.

*Id., see also, Federal Loan Corp. v. Harris* (1974), 17 Ill.App.3d 49, 308 N.E.2d 125 (A general "fishing expedition" for assets may be conducted on initial citation for supplementary proceeding; but thereafter, the judgment creditor must show existence of facts giving rise to belief the judgment debtor has property or income to satisfy the judgment.) Moreover, proceedings supplemental are a creditor's remedy and not the court's. The creditor has the burden of showing that the debtor has property or income that is subject to execution. *First Bank of Whiting v. Sisters of Mercy Health Corp.* (1989), Ind.App., 545 N.E.2d 1134, 1141. After Monroe Tire's initial motion for proceedings supplemental, a hearing was held, and as a result, the court issued an order on April 22, 1991. Monroe Tire never requested further supplemental proceedings. At six of the seven proceedings supplemental hearings, Monroe Tire

was not even present. Further, at the July 1, 1991 hearing, Monroe Tire did not question Kirk. Since Kirk has shown prima facia error, we reverse the trial court's denial of his motion to dismiss proceedings supplemental.

Kirk also claims that the trial court abused its discretion by acting on behalf of Monroe Tire. More specifically, Kirk contends the trial court improperly assumed the role of creditor by conducting hearings in Monroe Tire's absence. Kirk argues the court improperly questioned him, and scheduled additional hearings without a request from Monroe Tire.

 The trial court has broad discretion in conducting proceedings supplemental. *Jackson v. Johnson* (1966), 140 Ind.App. 70, 74, 222 N.E.2d 409, 411. However, this did not give the the trial court judge the discretion to act as an advocate on behalf of the creditor, Monroe Tire. A judge should uphold the independence of the judiciary. Ind.Judicial Conduct Cannon 1. At the six proceedings supplemental hearings held between April 15, and May 20, 1991, Monroe Tire was not present. The trial court judge conducted the examination of Kirk and set the next hearing dates. At the seventh hearing held on July 1, 1991, a representative for Monroe Tire appeared, but asked no questions and did not request further proceedings. The trial court judge abused his discretion by acting as an advocate for Monroe Tire.

Reversed and remanded with instructions to grant Kirk's motion to dismiss.

HOFFMAN, J., concurs.

BAKER, J., concurs in result with separate opinion.

BAKER, Judge, concurring in result.

I concur in the majority's decision to reverse the trial court and grant to Kirk's motion to dismiss the proceedings supplemental. Once Kirk showed on June 4, 1991 he possessed no non-exempt property, the trial court should have granted his June 11, 1991 motion to dismiss the proceedings supplemental, subject to a subsequent proper allegation by Monroe County Tire that Kirk's situation had changed.

I dissent, however, from the majority's critique of the trial court's decision to hold several hearings and examine Kirk.

This is a small claims proceeding. It is therefore subject to the provisions of the Small Claims Rules. Ind.Small Claims Rule 11(C) and (D) provide:

(C) The court may order a judgment paid the prevailing party in any specified manner. If the judgment is not paid as ordered *the court may modify its payment order as it deems necessary.*

(D) The judgment creditor may seek enforcement of his judgment by any other method provided by law....

(Emphasis added.) Small claims proceedings are meant to be expedited, with attendant reduction in time and expense for both plaintiff and defendant. Thus, to ensure the collection of a small claims judgment, S.C.R. 11(C) authorizes the judge in a small claims case to use methods beyond those allowed in other civil proceedings. Of course, S.C.R. 11(C) does not empower the judge to harass a judgment debtor, but the judge is empowered to use his or her full discretion to enforce a judgment. My reading of S.C.R. 11(C) is underscored by the version of S.C.R. 11(C) and (D) in effect prior to January 1, 1981:

(C) The court may order a judgment paid the prevailing party in any specified manner. If the judgment is not paid as ordered *the court may modify its payment order as it deems necessary.*

(D) 1. When a judgment is not paid according to its terms the judgment creditor shall first make a good faith effort to personally contact the judgment debtor. If such action does not effectuate payment the court clerk may be requested to contact the judgment debtor. The clerk shall make such contact by telephone or mail and shall request payment

of the judgment according to its terms. The judgment debtor shall also be advised of any action which may be taken against him if payment is not forthcoming.

2. Should the informal procedure provided by S.C. 11(D)(1) prove ineffective, the judgment creditor may *then* enforce his judgment by any method provided by law....

Indiana Rules of Court, Small Claims Rule 11(C) and (D) (West 1980) (emphasis added).

Under the prior rule, then, court clerks had a duty to try to collect small claims judgments, and judgment creditors were required to refrain from seeking other means of enforcement until the clerk had tried informal methods. This rule gave clerks an increased work-load and too much authority, and was changed. In the 11 years since court clerks were removed from the collection process and judgment creditors were allowed to seek enforcement at an early stage, the authority provided the judge by S.C.R. 11(C) has remained undiminished. Indeed, even though S.C.R. 11(C) is captioned "Method of Payment. Modification," and subsection (D) is captioned "Collection," I submit that with the removal of court clerks from the process, the responsibility of the judge to remain aware of the status of small claims judgments is greater than before January 1, 1981. In the classic case, as this is, the judgment creditor will move for proceedings supplemental, a method of enforcement provided by law, and the judge will then conduct hearings until a payment plan is developed or the debtor shows exempt status.

In my view, today's decision will have the adverse effect of chilling trial judges in the exercise of their duty to ensure that small claims judgments, and orders relating to those judgments, are adhered to by litigants. In turn, the enforcement of small claims judgments by judgment creditors will become a more expensive and time-consuming process than is presently the case, thereby subverting the purposes of small claims proceedings and the Small Claims Rules.

I concur in the result, but do not join in chastising the trial judge for discharging his duties imposed under the Small Claims Rules.