# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 07 2020, 7:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Elizabeth Eichholtz Walker
Becker Bouwkamp Walker, P.C.
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jamie Naftzger,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Patrick McCartney,<br>*Appellee-Respondent.* | May 7, 2020<br>Court of Appeals Case No.<br>19A-DR-2551<br>Appeal from the Hendricks<br>Superior Court<br>The Honorable Robert W. Freese,<br>Judge<br>Trial Court Cause No.<br>32D01-1611-DR-642 |

**Bradford, Chief Judge.**

# Case Summary

[1] Jamie Naftzger ("Mother") and Patrick McCartney ("Father") are the biological parents of B.M. ("Child"). In August of 2019, the trial court modified Father's parenting time, which had been previously suspended. Because she claims that the modification of Father's parenting time was not in Child's best interests, Mother contends that the trial court abused its discretion. We affirm.

# Facts and Procedural History

[2] On August 29, 2009, Father and Mother were married, and Mother gave birth to Child on March 6, 2013. On November 15, 2017, the trial court granted a summary dissolution of Father and Mother's marriage. In doing so, the trial court incorporated Father and Mother's Mediated Property Settlement Agreement, which in regards to custody and parenting time stated as follows:

> 3. Child Custody, Parenting Time, & Support. The parties agree that [Mother] shall have custody of [Child,] born March 6, 2013. [Father] shall enjoy parenting time as follows:
>
> > a. Phase 1: Until completion of Fairbanks' Post-Hospitalization Program (PHP) and receipt of a completion certificate by [Mother's] counsel, [Father] shall have parenting time supervised by Pam Kenneson every other weekend from 10:00 am Saturday to 6:00 pm Saturday evening and from 7:00 am Sunday morning to 4:00 pm Sunday afternoon.
> >
> > b. Phase 2: Until completion of Fairbanks' Intensive Outpatient Program (IOP) and receipt of a completion certificate by [Mother's] counsel, [Father's] parenting time

shall occur from Saturday morning at 10:00 am through Sunday evening at 6:00 pm. Said parenting time shall be supervised by Pam Kenneson.

c. Phase 3: Following the completion of Phase 1 and Phase 2 (above) [Father's] parenting time shall be pursuant to Indiana Parenting Time Guidelines (IPTG's).

With the exception of Sunday parenting time in Phase 2, the parties agree that [Mother] shall retrieve [Child] from [Father's] residence at the conclusion of parenting time with [Father's] mother to pick-up [Child] at the start of parenting time. Neither party shall make disparaging comments about the other party, or permit any friends or family to do the same, in the presence of [Child]. Starting with Phase 2, [Mother] shall permit [Child] to communicate with [Father] via FaceTime no less than two (2) times per week.

Appellant's App. Vol. II pp. 29–30 (unbolded). On May 14, 2018, the trial court amended Father's parenting time, ordering, *inter alia*, that his parenting time be contingent upon him not consuming alcohol. Father's last contact with Child was November of 2018. In December of 2018, Father was charged with, and subsequently convicted of, operating a vehicle while intoxicated. As a result of Father's alcohol consumption, Mother moved to suspend his parenting time, a motion which was granted by the trial court on February 7, 2019. On June 16, 2019, Father moved for a modification of his parenting time, and the trial court held an evidentiary hearing on August 27, 2019. At the time of the hearing, Father was serving a two-year sentence. On August 30, 2019, the trial court modified Father's parenting time as follows:

Father shall have parenting time while he is incarcerated one time per week via telephone/facetime or similar media for no more than 30 minutes. The time is to be set up once Father has a schedule of availability once [he] is placed through DOC. Upon release from [DOC] Father shall have supervised parenting time one day per week for 12 hours. Parties shall attempt to agree to a supervisor or petition the Court. Either party may request a Review Hearing after 3 months of supervised parenting time.

Appellant's App. Vol. II p. 61. On September 25, 2019, Mother filed a motion to correct error, which was denied by the trial court.

# Discussion and Decision

[3]     Mother contends that the trial court erroneously modified Father's parenting time. At the outset, we note that Father has not filed an appellee's brief in this case and therefore, if Mother shows *prima facie* error, we may reverse the trial court's decision. *Kirk v. Monroe Cty. Tire*, 585 N.E.2d 1366, 1368 (Ind. Ct. App. 1992). "Prima facie error in this context is defined as, at first sight, on first appearance, or on the face of it." *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind. 2014) (internal quotations omitted). We review a trial court's resolution of a visitation issue for an abuse of discretion. *Pennington v. Pennington*, 596 N.E.2d 305, 306 (Ind. Ct. App. 1992), *trans. denied*. "If the record reveals a rational basis supporting the trial court's determination, no abuse of discretion occurred." *Id.* We will not reweigh the evidence or reassess witness credibility. *Id.*

[4]     "[A] noncustodial parent is generally entitled to reasonable visitation rights."

*Duncan v. Duncan*, 843 N.E.2d 966, 969 (Ind. Ct. App. 2006), *trans. denied*; *see also* Ind. Code § 34-17-4-1(a). Indiana Code section 31-17-4-2 provides that

> [t]he court may modify an order granting or denying parenting time rights whenever modification would serve the best interests of the child. However, the court shall not restrict a parent's parenting time rights unless the court finds that the parenting time might endanger the child's physical health or significantly impair the child's emotion development.

Although the statute uses the word "might," we have previously interpreted that to mean that a court may not restrict parenting time unless it "would" endanger the child's physical health or emotional development. *D.B. v. M.B.V.*, 913 N.E.2d 1271 (Ind. Ct. App. 2009). In these family law matters, the Indiana Supreme Court has stated that

> [a]ppellate deference to the determination of our trial court judges, especially in domestic relations matters, is warranted because of their unique, direct interactions with the parties face-to-face, often over an extended period of time. Thus enabled to assess credibility and character through both factual testimony and intuitive discernment, our trial judges are in a superior position to ascertain information and apply common sense, particularly in the determination of the best interests of the involved children.

*Best v. Best*, 941 N.E.2d 499, 502 (Ind. 2011). To the contrary, appellate courts "are in a poor position to look at a cold transcript of the record, and conclude that the trial judge, who saw the witnesses, observed their demeanor, and

scrutinized their testimony as it came from the witness stand, did not properly understand the significance of the evidence." *D.C. v. J.A.C.,* 977 N.E.2d 951, 956–57 (Ind. 2012).

[5]     We conclude that the record reveals a rational basis to support the trial court's determination. At the evidentiary hearing, Father testified that he is a recovering alcoholic and that he is not going to use alcohol again stating that

> alcohol has destroyed my life, alcohol has destroyed my family, alcohol has destroyed my relationship with my son because my wife won't let me see him because of alcohol. Alcohol has hurt my health, alcohol, I have lost a lot of jobs to[o]. Alcohol brings me into a place where I have to deal with people that I don't necessarily want to have to deal with.

Tr. Vol. II p. 21. Father also testified that he has not consumed alcohol since his arrest in December of 2018; has completed thirty-six weeks of alcohol treatment at Willow Center in Brownsburg; and has taken classes through Cummins Health while on work release to deal with his divorce, alcoholism, and parenting. Further, Father's mother Pamela Kenneson testified that she has a residence where she can help Father with his alcohol recovery and assist with parenting time. The trial court was entitled to believe Father and Kenneson's testimony and did.

[6]     In claiming that the trial court's decision was contrary to Child's best interests, Mother points to the fact that Father has not had contact with Child since November of 2018, Father has previously relapsed and has not provided verification for counseling he claims to have completed, Child has had to

complete counseling to deal with anxiety and sleeping issues which occurred after contact with Father, and the current amount of parenting time ordered exceeds that which Father was afforded prior to the suspension in February of 2019. Mother's argument is merely an invitation for us to reweigh the evidence and reassess witness credibility, which we will not do. *Pennington*, 596 N.E.2d at 306. Mother has failed to establish that the trial court abused its discretion by modifying Father's parenting time.

[7]     The judgment of the trial court is affirmed.

Baker, J., and Pyle, J., concur.