


FILED

Apr 23 2026, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

Katherine Gonzalez,

*Appellant-Defendant*

v.

Plaza Services, LLC,

*Appellee-Plaintiff*

---

April 23, 2026

Court of Appeals Case No.
25A-CC-2424

Appeal from the Lake Superior Court

The Honorable Robert Jeffrey Boling, Magistrate

Trial Court Cause No.
45D09-2207-CC-3613

---

**Opinion by Judge Bailey**

Judge Vaidik concurs.
Judge Scheele concurs in result with a separate opinion.

**Bailey, Judge.**

# Case Summary

[1] Katherine Gonzalez appeals a garnishment order in favor of Plaza Services, LLC ("Plaza"). Gonzalez raises three issues, but we need only address the dispositive issue of whether the court erred when it entered its order without having held a hearing. We reverse and remand with instructions.

# Facts and Procedural History

[2] In August 2022, Plaza obtained a judgment against Gonzalez in the amount of $3,865.59. On June 18, 2025, Plaza, while represented by attorneys with the Slovin & Council Co. law firm in Cincinnati, Ohio,[1] filed a motion to enforce the judgment by proceeding supplemental to execution. The trial court issued an order requiring Gonzalez "to appear in Court" on August 14 at 9:00 a.m. Appellant's App. Vol. 2 at 14.

[3] On August 14, the court entered an order in which it stated that Plaza had appeared by an attorney but that Gonzalez had failed to appear. *See id*. at 10.

---

[1] We note that, while the motion to enforce judgment by proceeding supplemental lists the law firm as "Slovin & Council Co," the appearance lists the law firm as "Slovin & Associates Co." Appellant's App. Vol. 2 at 12-13.

On August 21, Gonzalez filed a request for "the audio recordings of the August 14, 2025, hearing." *Id*. at 15. The same day, the trial court sent Gonzalez a letter, signed by the judge, which stated that "no audio recordings exist for the date in question" and that "[n]o hearing was held." *Id*. at 21. The letter further explained that "[c]ollection matters are handled off the record between counsel for plaintiff and defendants unless either party requests Court time." *Id*. Then, on August 29, the court entered a final order and stated: "The Court, having heard the evidence and being duly advised" finds that Plaza "is entitled to recovery of and from the earnings" of Gonzalez and ordered that 25% of Gonzalez's income be garnished to pay the amount owed to Plaza. *Id*. at 11.

[4]    On September 2, Gonzalez filed a verified motion to stay the garnishment order pending appeal. In that motion, Gonzalez stated that she had appeared as ordered on August 14 but was "informed [Plaza's] attorney would not be appearing for court because of a conflicting court appearance and the attorney would call her with further instructions." *Id*. at 17. She further stated that "a hearing was not held." *Id*. at 18. Gonzalez argued that the court had denied her the "opportunity to be heard as to [a] potential reduction in garnishment, a payment arrangement on the default judgment outside of garnishment[,] or other relief." *Id*. The court granted Gonzalez's motion. This appeal ensued.

## Discussion and Decision

[5]    Gonzalez appeals the court's order garnishing her wages. Initially, we note that Plaza did not file an appellee's brief.

When an appellee fails to file a brief, we apply a less stringent standard of review. We are under no obligation to undertake the burden of developing an argument for the appellee. We may, therefore, reverse the trial court if the appellant establishes prima facie error. "Prima facie" is defined as "at first sight, on first appearance, or on the face of it."

*Deckard v. Deckard*, 841 N.E.2d 194, 199 (Ind. Ct. App. 2006) (citations omitted).

[6]     The court entered its order garnishing Gonzalez's wages following Plaza's motions for a proceeding supplemental to execution. Proceedings supplemental are generally governed by Trial Rule 69. Specifically, Trial Rule 69(E) provides as follows:

Notwithstanding any other statute to the contrary, proceedings supplemental to execution may be enforced by verified motion or with affidavits in the court where the judgment is rendered alleging generally:

(1) that the plaintiff owns the described judgment against the defendant;

(2) that the plaintiff has no cause to believe that levy of execution against the defendant will satisfy the judgment;

(3) that the defendant be ordered to appear before the court to answer as to [her] non-exempt property subject to execution or proceedings supplemental to execution or to apply any such specified or unspecified property towards satisfaction of the judgment; and,

> (4) if any person is named as garnishee, that garnishee has or will have specified or unspecified nonexempt property of, or an obligation owing to the judgment debtor subject to execution or proceedings supplemental to execution, and that the garnishee be ordered to appear and answer concerning the same or answer interrogatories submitted with the motion.

Stated differently, "T.R. 69(E) provides that when a judgment creditor has no cause to believe that execution will satisfy a judgment, he can institute proceedings supplemental to execution to determine if the debtor has other property available to satisfy the judgment." *Borgman v. Aikens*, 681 N.E.2d 213, 217 (Ind. Ct. App. 1997), *trans. denied*.

[7] On appeal, Gonzalez specifically contends that the court erred when it entered its order garnishing her wages without holding a hearing. Trial Rule 69(E) additionally provides that, after the motion and court's order stating the time for the appearance and hearing or the time for the answer to interrogatories submitted with the motion is served on the judgment debtor, "[n]o further pleadings shall be required, and the case *shall be heard* and determined and property ordered applied towards the judgment in accordance with statutes allowing proceedings supplementary to execution." (Emphasis added.) In other words, the plain language of Trial Rule 69 contemplates a hearing.

[8] Here, we acknowledge that the court twice entered orders that indicated that it had held a hearing. In particular, in its August 14, 2025, order, the court stated that Plaza had appeared by counsel and that Gonzalez had failed to appear. *See*

Appellant's App. Vol. 2 at 10. Then, in its final order issued on August 29, the court stated: "The Court, having heard the evidence and being duly advised, now finds that the facts set out in [Plaza's] petition are true and that [Plaza] is entitled to recovery of and from the earnings of" Gonzalez. *Id.* at 11. In addition, the CCS states that the proceedings supplemental "[c]ommenced and concluded" on August 14 and that Plaza was the only party present. *Id.* at 7.

[9] However, in response to Gonzalez's request for the audio recordings, the court, in a letter signed by the judge, informed Gonzalez that "no audio recordings exist" because "[n]o hearing was held." *Id.* at 21. The court then explained that "[c]ollection matters are handled off the record between counsel for plaintiff and defendants unless either party requests Court time." *Id.* In addition, in Gonzalez's verified motion to stay garnishment pending appeal, which was uncontested, Gonzalez stated that she appeared for the hearing as ordered but "was informed [Plaza's] attorney would not be appearing for court" and that the attorney "would call her with further instructions." *Id.* at 17. And she stated that "a hearing was not held." *Id.* at 18. Given the letter from the court and Gonzalez's verified motion, it is apparent that, despite the court's orders and the notation in the CCS to the contrary, a hearing was not held.

[10] The purpose of proceedings supplemental "is to determine if the debtor has income or property which can be used in satisfaction of the money judgment." *Kirk v. Monroe Cnty. Tire*, 585 N.E.2d 1366, 1368 (Ind. Ct. App. 1992). Here, because the court did not hold a hearing as contemplated by Indiana Trial Rule 69(E), the court was not able to determine if Gonzalez has income or property

to satisfy her obligation to Plaza. As a result, Gonzalez has established prima facie error in the court's garnishment order. We therefore reverse the court's order garnishing her wages and remand with instructions for the court to correct its prior orders and the CCS to reflect that a hearing was not held.[2]

[11]    Reversed and remanded with instructions.

Vaidik, J., concurs.
Scheele, J., concurs in result with a separate opinion.

ATTORNEYS FOR APPELLANT

Meagan Stuart
Indiana Legal Services
Indianapolis, Indiana

Sarah Everett
Indiana Legal Services
South Bend, Indiana

---

[2] Because we agree with Gonzalez that the trial court erred when it garnished her wages without a hearing, we need not address her arguments that the trial court failed to act as a neutral adjudicator and that the court violated her statutory right to request a reduced garnishment.

**Scheele, Judge, concurring in result.**

[12] As I review this record, I can surmise any number of reasons as to how the error in this case occurred. Our state's trial courts are awash in civil collection cases,[3] each one of which begets its own volume of filings and legal processes. Our trial courts, including the court here, typically and effectively rise to the challenges of this work. Even so, in this backdrop, mistakes inevitably occur. A great credit to our state's judiciary is that once a mistake is known, our trial courts are typically quick to see it corrected; they take accountability for their mistakes.

[13] And that is what happened here. As the majority observes, a mistake was made with the trial court's entry of a garnishment order on August 29, 2025. Two business days later, which was the same day the mistake was brought to the court's attention, that order was stayed at Gonzalez's request and the case spontaneously set for an October 9 hearing. The presiding judge was immediately responsive to Gonzalez's request for audio recordings—on the very day that request was received. The October 9 hearing was vacated, though, pending this appeal; an effect of this appeal is what I expect would have

---

[3] The instant trial court cause number, 45D09-2207-CC-003613, reflects this very point: it was the 3,613th civil collection matter filed in its "case pool" as of July 21 of the 2022 calendar year. *See* Administrative Rule 8(B)(4). Simple math yields an average of more than 500 new civil collection filings a month in this pool, or more than 25 per business day. The underlying trial court also presides over a non-collection docket, including ordinance violations, infractions, small claims, evictions, criminal misdemeanors, felonies, a Veteran's Treatment Court, and more.

occurred if the October 9 hearing had come to pass, or if the Appellant had moved to vacate (rather than stay) the garnishment order in the first place.

[14] That said, on the record before us, it is apparent that Gonzalez appeared as ordered on August 14, 2025, Plaza did not appear, and no hearing occurred. It is also apparent the court's order of that date and subsequent August 29 garnishment order were mistakenly entered. I agree this matter should be reversed and remanded to correct these mistakes, so these parties and the court are able to get back on track with further proceedings attendant to collection of the unpaid judgment.

[15] With these observations in mind, I respectfully concur.