### In re the PATERNITY OF A.M.C.

### Ronald Ray Carter, Appellant–Respondent,

v.

### Eugenia Deann Hicks, Appellee–Petitioner.

### No. 49A02–0105–JV–270.

Court of Appeals of Indiana.

Nov. 13, 2001.

---

Jesse L. Coleman, Indianapolis, Indiana, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Ronald Ray Carter appeals from the trial court's dismissal of his verified emergency petition to modify child support. The sole issue presented on appeal is whether the trial court erred when it relied on a local rule to dismiss Carter's emergency petition.[1]

We reverse and remand for further proceedings.

### FACTS AND PROCEDURAL HISTORY

On April 11, 1989, A.M.C. was born out-of-wedlock to Eugenia Hicks. Through a paternity suit, Carter was established as the father. On June 7, 2000, the trial court ordered him to pay $131.00 per week to support A.M.C. On August 23, 2000, Carter filed a verified emergency petition to modify child support. Appellant's App. at 40. In that petition, Carter indicated that his employment had been terminated, which constituted a "change of circumstances so substantial and continuing as to make the terms of the child support order unreasonable." Appellant's App. at 40. Carter also filed with his petition a motion

---

1. Carter also asserts that the trial court erred when it did not make findings and conclusions pursuant to his Trial Rule 52 motion. However, his sole contention is that "no special findings of fact were made by the Court on the motion to dismiss." Brief of Appellant at 9. To the contrary, the trial court entered findings and conclusions on January 10, 2001. Appellant's App. at 8. We, therefore, need not address this issue.

for findings and conclusions pursuant to Trial Rule 52.

Hicks moved to dismiss Carter's emergency petition. On October 18, 2000, the trial court granted Hicks' motion to dismiss without a hearing and did not issue special findings. Carter then requested a hearing to make a record on his Trial Rule 52 motion. At the hearing, the court ordered the parties to submit proposed findings and conclusions. On January 10, 2001, the trial court issued its special findings and dismissed Carter's petition for modification with prejudice. The trial court concluded that Carter's expected loss of a job was not an extreme emergency as required by Marion Circuit and Superior Court Family Law Rule 14 (currently rule 13) and, thus, that the court had no jurisdiction over the issue of modification. This appeal followed.

## DISCUSSION AND DECISION

■ Carter contends that the trial court erred when it dismissed his petition to modify A.M.C.'s support because his loss of employment constituted a substantial change in circumstances. When considering a request to modify child support in a paternity action, the trial court must determine whether there has been a change in circumstances so substantial as to make the existing terms unreasonable. Ind. Code § 31–14–11–8. The petitioning party bears the burden of proving the necessary change of circumstances to justify modification. See *Nelson v. Scalzitti*, 563 N.E.2d 166, 167 (Ind.Ct.App.1990).

In ruling on Carter's emergency petition, the trial court relied on Marion Circuit and Superior Court Family Law Rule 13, which provides:

No petition for modification of custody, support or spousal maintenance shall be considered by the court unless one full year has elapsed from the date of the court's last order relating to that issue, except upon showing by verified petition setting forth the existence of an extreme emergency.

Here, Carter sought modification of child support before one year had elapsed from the trial court's June 7, 2000, order modifying its original child support order. Under the local rule, Carter was required to demonstrate that an extreme emergency existed before the trial court could consider his petition for modification. We encountered the predecessor to this rule in *Gorman v. Zeigler*, 690 N.E.2d 729 (Ind. Ct.App.1998). There we disapproved of the rule in that it purports to limit a trial court's statutory authority under Indiana Code Section 31–1–11.5–22,[2] to modify custody based upon a substantial change in conditions that affect the child's best interests. *Id.* at 732. In *Gorman,* however, the appellant challenged the trial court's finding that an extreme emergency existed warranting a modification of the custody agreement. The trial court did not use the rule to bar consideration of the petition.

Here, while the trial court found that it had jurisdiction over the subject matter and over the parties, the court concluded nonetheless that it did not have jurisdiction over the modification petition because Carter's petition had not demonstrated an extreme emergency, as required by the local rule. This mandatory rule precludes the trial court from adjudicating a class of cases over which the court clearly has statutory jurisdiction. As such, the rule carves out an exception to the court's subject matter jurisdiction over petitions to modify. Carter does not directly challenge the local rule, but he contends that he has demonstrated a change in his finan-

**2.** This Statute governs custody modifications following a dissolution of marriage, but the standard for modification is equivalent to that in Indiana Code Section 31–14–11–8.

cial condition sufficient to modify his child support under the statutory change of circumstances standard. Having invoked the rule, the trial court did not reach the merits of that issue.

■■■ A trial court's ruling on a petition to modify support is reviewed for an abuse of discretion. *Elliott v. Elliott,* 634 N.E.2d 1345, 1348 (Ind.Ct.App.1994). An abuse of discretion occurs when the trial court misinterprets the law or disregards the evidence of factors within the controlling statute. *Tracy v. Tracy,* 717 N.E.2d 183, 185 (Ind.Ct.App.1999). Where the trial court enters special findings under Trial Rule 52(A), we defer substantially to findings of fact but not to conclusions of law. *Carmichael v. Siegel,* 754 N.E.2d 619, 625 (Ind.Ct.App.2001). A judgment is clearly erroneous under Indiana Trial Rule 52 if it relies on an incorrect legal standard. *Id.* We evaluate questions of law de novo and owe no deference to a trial court's determination of such questions. *Id.*

■■■ Here, the trial court had jurisdiction over Carter's petition but utilized Family Law Rule 13 to divest itself of jurisdiction contrary to the controlling statute. The court held, in effect, that it lacked subject matter jurisdiction over a certain class of petitions to modify. Subject matter jurisdiction refers to the power of a court to hear and decide a particular class of cases. *In re Guardianship of C.M.W.,* 755 N.E.2d 644, 647 (Ind.Ct.App. 2001). It may be raised sua sponte and determined by this court at any time. *Horlander v. Horlander,* 579 N.E.2d 91, 94 (Ind.Ct.App.1991). We conclude that the trial court had subject matter jurisdiction and erred as a matter of law when it held that "proof of an extreme emergency is a threshold question without which the court has no jurisdiction over the issue of modification."

■■■ Local rules for the regulation of practice within a local court are authorized by Indiana Trial Rule 81. *Buckalew v. Buckalew,* 754 N.E.2d 896, 897 (Ind.2001). Indiana Code Section 34–8–1–4 also provides that "other Indiana courts may establish rules for their own government, supplementary to and not conflicting with the rules prescribed by the supreme court or any statute." Thus, a local rule cannot restrain a court's subject matter jurisdiction or jurisdiction over the parties otherwise provided by statute. *See id.* at 898. But Family Law Rule 13 purports to restrict the trial court's jurisdiction over a modification petition.

Trial courts may establish rules for their own governance only as long as these rules are not inconsistent with rules prescribed by the supreme court or by statute. *Meredith v. State,* 679 N.E.2d 1309, 1310 (Ind. 1997); Ind.Code § 34–5–2–2; Ind. Trial Rule 81. These local rules are generally procedural, intended to standardize the practice within that court, to facilitate the effective flow of information, and to enable the court to rule on the merits. *Id.* We conclude that Family Law Rule 13 is a substantive rule that is inconsistent with Indiana Code Section 31–14–11–8. Indeed, the conflict between Family Law Rule 13 and Indiana Code Section 31–14–11–8 is readily apparent. *See, e.g., Cavazzi v. Cavazzi,* 597 N.E.2d 1289, 1294 (Ind. Ct.App.1992) (Miller, J., concurring) (finding inconsistency between Local Rule 14 requirement to show change in circumstances); *see also Gorman,* 690 N.E.2d at 732.

■■■ Family Law Rule 13 prohibits a party, except in an extreme emergency, from exercising his right to petition for modification for at least a year after a prior order. The modification statute contains no such limitation. *Id.* The local rule impedes a Marion County party's right to be heard on the merits on the same terms as a party similarly situated

elsewhere in the state. Marion County courts handle more cases than the courts of any other county, and the rule may well facilitate judicial administration in the county by deferring petitions to modify for at least one year except those deemed "an extreme emergency." But substantive rules of law enacted by our legislature are rules of general application. Indiana citizens have the same access to our courts wherever they may live within the state.

Family Law Rule 13 violates Indiana Code Section 31–14–11–8. We hold, therefore, that the statute controls and that the local rule is unenforceable. We remand to the trial court for a hearing and to consider Carter's petition to modify pursuant to Indiana Code Section 31–14–11–8.[3]

Reversed and remanded for further proceedings.

SHARPNACK, C.J., and RILEY, J., concur.

---

**3.** We do not express an opinion on the outcome of Carter's petition to modify under Indiana Code Section 31–14–11–8.