Herman BUTTON, Appellant,

v.

Sue JAMES, Appellee.

No. 62A05–0902–CV–89.

Court of Appeals of Indiana.

June 22, 2009.

Publication Ordered July 17, 2009.

Katherine J. Rybak, Stephen E. Culley, Evansville, IN, Attorneys for Appellant.

## OPINION

BARNES, Judge.

### Case Summary

Herman Button appeals the trial court ordering him to pay $25.00 per month toward a $1,865.93 judgment for Sue James. We reverse and remand.

### Issue

Button raises several issues, which we consolidate and restate as whether the trial court properly required him to pay $25.00 per month toward the judgment against him.

### Facts

In 2001, the trial court entered a judgment against Button in the amount of $1,865.93 plus costs. On January 22, 2009, at an assets hearing, the following exchange took place between the trial court and Button, who appeared pro se.

The Court: So we're here today for you to explain what you're going to do to pay this off.

Mr. Button: I can't.

The Court: Okay, but you're going to.

Mr. Button: I can't do it.

The Court: Okay, Mr. Button.

Mr. Button: Yes, Ma'am.

The Court: For some reason we're not communicating. Alright, you're not hearing me for some reason. I am telling you that, yes, you will. You're going to tell me how you're going to go about doing that. And I'm not going to accept I cannot, and if the next words out of your mouth are I cannot, Mr. Button, then you'll set with Mr. Glenn at the Sheriff's Department until you find a way that, yes, you can. So what kind of payments can you make to pay this down?

Mr. Button: Five dollars ($5.00) a month.

The Court: Five dollars ($5.00) a month is—I'm going to be an old woman before this is ever paid off.

Mr. Button: That's what I can afford, ma'am. I live on social security disability. I've got to pay my rent and my lights and my gas.

The Court: I'm going to order you pay twenty-five dollars ($25.00) a month until this is paid off. I'm going to show that we are to come back March 12, at 1 o'clock, at which time Miss James is going to tell me that she has already received fifty dollars ($50.00) towards this. Okay.

Mr. Button: Yeah.

The Court: Good luck to you, Mr. Button.

Tr. pp. 4–5. Button now appeals.

### Analysis

■ Button argues that he cannot be held in contempt for his failure to pay a debt, that his assets should not be garnished to pay the judgment, and that he should not have to make another court appearance absent a change in his circumstances. Initially we observe that James has not filed an appellee's brief. "Under that circumstance, we do not undertake to develop an argument on the appellee's be-

half, but rather may reverse upon an appellant's prima facie showing of reversible error." *Morton v. Ivacic,* 898 N.E.2d 1196, 1199 (Ind.2008). "Prima facie error in this context is defined as, 'at first sight, on first appearance, or on the face it.'" *Id.* (citation omitted).

Article 1, Section 22, of the Indiana Constitution provides:

> The privilege of the debtor to enjoy the necessary comforts of life, shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale, for the payment of any debt or liability hereafter contracted: and there shall be no imprisonment for debt, except in case of fraud.

Relying on this provision, our supreme court has held that because a debtor may not be imprisoned for his or her failure to pay a judgment debt, the debtor may not be imprisoned for proposing the judgment remain unsatisfied until the debtor obtains attachable assets. *State ex rel. Wilson v. Monroe Superior Court IV,* 444 N.E.2d 1178, 1180 (Ind.1983). Likewise, Button may not be imprisoned for either his failure to pay the judgment or his failure to propose a suitable payment plan. To the extent the trial court threatened Button with imprisonment, it erred.

Further, any order requiring Button to pay the judgment must be based on evidence of his ability to pay. Here, no evidence was presented indicating that Button had the ability to pay $25.00 per month toward the judgment. Button has established prima facie error. Therefore, we remand for an evidentiary hearing regarding Button's ability to pay the judgment prior to the entry of an order requiring him to make monthly payments toward it.

**Conclusion**

The trial court improperly threatened Button with imprisonment for his failure to propose a plan to pay the judgment, and any order requiring him to pay a judgment must be based on Button's ability to pay it. We reverse and remand.

Reversed and remanded.

BAKER, C.J., and MAY, J., concur.

*ORDER*

Appellant Herman Button, by counsel, has filed a Motion to Publish.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS.

1. Appellant's Motion to Publish is GRANTED. This Court's opinion handed down in this cause on June 22, 2009, marked Memorandum Decision, Not for Publication, is now ORDERED PUBLISHED.

BAKER, C.J., MAY and BARNES, JJ., concur.