**Deidre CARTER, Appellant,**

v.

**GRACE WHITNEY PROPERTIES, Appellee.**

No. 82A04–1003–SC–177.

Court of Appeals of Indiana.

Nov. 23, 2010.

Katherine J. Rybak, Indiana Legal Services, Inc., Evansville, IN, John Brengle, Indiana Legal Services, Inc., New Albany, IN, Attorneys for Appellant.

## OPINION

BARNES, Judge.

### Case Summary

Deidre Carter appeals the small claims court's orders in this proceedings supplemental brought by Grace Whitney Properties. We reverse and remand.

### Issues

Carter raises three issues, which we restate as:

I.  whether Vanderburgh County local rules violate the Indiana Constitution to the extent that they permit the use of contempt powers to enforce payment of a civil judgment;

II.  whether the small claims court properly denied Carter's motion to modify the personal order of garnishment; and

III.  whether the small claims court properly denied Carter's request to limit future proceedings supplemental against her by Grace Whitney Properties.

### Facts

In October 2003, Grace Whitney Properties filed a small claims complaint against Carter. After a trial, the small claims court entered judgment for Grace Whitney Properties against Carter in the amount of $401.60 plus $44.00 in court costs and interest. Grace Whitney filed proceedings supplemental, and in March 2004, the small claims court entered a "personal order of garnishment" against Carter pursuant to Vanderburgh County Local Rule 1.23(C) and Local Rule 1.05(E), which provide:

> Proceedings Supplemental hearings shall not be continued for progress after an order of garnishment or a personal order of garnishment has been obtained. To proceed on an information for contempt, a Proceedings Supplemental must have been filed and an order of garnishment or personal order of garnishment obtained.

The personal order of garnishment ordered Carter to:

> withhold and pay unto the Clerk of this Court as the same becomes due and payable, a sum of money determined by the following calculation:
>
> 1. Twenty-five percent (25% [sic] of the maximum disposable earnings of the defendant subject to garnishment, (defined below)); or
>
> 2. The amount by which his/her disposable earnings for that week exceed (30) times the federal minimum hourly wage prescribed by Section 6(A)(1) of the Fair Labor Standards Acts of 1938, U.S.C. Tit. 29, Section 206(A)(1), in effect at the time the earnings are payable, whichever is less.
>
> (Disposable earnings means that part of the earnings of an individual, including wages, commissions, income, rents or profit remaining after the deduction

from those earnings of amounts required by law to be withheld.)

Said amount shall be applied toward the satisfaction of said judgment balance due plaintiff(s), and said payments shall continue until said judgment is paid in full. Plaintiff(s) judgment shall be a continuous lien upon the earnings of the defendant(s), provided said lien shall not exceed the maximum lien allowed by law when added to all prior similar liens. App. pp. 26–27.

After the small claims court entered the personal order of garnishment, Grace Whitney Properties then filed informations for contempt against Carter on numerous occasions, including in July 2004, January 2005, November 2005, March 2006, July 2006, October 2006, July 2007, October 2007, April 2008, July 2008, October 2008, and January 2010. Carter appeared for numerous hearings on the matter. In August 2006, the small claims court ordered Carter to pay ten dollars a month on the debt. The small claims court reaffirmed that order in December 2007 and January 2009. In June 2009, Grace Whitney Properties caused a writ of attachment to be issued against Carter. Even though Carter told the court that she was disabled and had no money, the small claims court ordered Carter to serve thirty days in jail. The small claims court informed Carter that she could "purge herself of contempt" by paying $110 on the judgment. *Id.* at 4. Carter later filed a motion to correct error, which the small claims court granted. The small claims court then "expunge[d]" the sentence. *Id.* at 3.

After the January 2010 information for contempt was filed, Carter's counsel filed a motion to dismiss the information for contempt and a motion to modify the order for payment. Carter's counsel argued that

Carter had been disabled since January 29, 2004, that her only source of income was Social Security Disability, that she had no nonexempt income or assets, and that her situation was unlikely to change.[1] Carter requested that the personal order of garnishment be rescinded. Carter also argued that, pursuant to Article 1, Section 22 of the Indiana Constitution, the information for contempt failed to state a claim upon which relief could be granted. Carter requested that the small claims court issue an order that Grace Whitney Properties not be allowed to seek enforcement of the judgment in the absence of a good faith belief that Carter has property or income subject to court process.

After the hearing on the information for contempt, the small claims court denied the information for contempt. However, the small claims court denied Carter's request to modify the order of payment and allowed the personal order of garnishment to remain in effect. The small claims court also denied Carter's request that Grace Whitney Properties have a good faith basis for believing that she has nonexempt assets or income before filing another information for contempt. Carter now appeals.

## Analysis

■ Initially, we observe that Grace Whitney Properties has not filed an appellee's brief. "Under that circumstance, we do not undertake to develop an argument on the appellee's behalf, but rather may reverse upon an appellant's prima facie showing of reversible error." *Button v. James,* 909 N.E.2d 1007, 1008–09 (Ind.Ct. App.2009) (quoting *Morton v. Ivacic,* 898 N.E.2d 1196, 1199 (Ind.2008)). "Prima facie error in this context is defined as, 'at first sight, on first appearance, or on the

---

1. Indiana Code Chapter 35–55–10 lists property exempt from execution, and Indiana Code Section 24–4.5–5–105 limits garnishments.

face it.'" *Id.* at 1009 (quoting *Morton*, 898 N.E.2d at 1199).

■ We also note that "the trial court has broad discretion in conducting proceedings supplemental." *Stuard v. Jackson & Wickliff Auctioneers, Inc.*, 670 N.E.2d 953, 954 (Ind.Ct.App.1996). "Proceedings supplemental, pursuant to Trial Rule 69 [2], are a means used to remedy a failure by a defendant to pay a money judgment." *Id.* "Proceedings supplemental serve the limited purpose of determining whether an asset is in the judgment debtor's possession or subject to the judgment debtor's control and can be attached to satisfy the judgment." *State Farm Mut. Auto. Ins. Co. v. Estep*, 873 N.E.2d 1021, 1029 (Ind.2007). "Indiana Trial Rule 69(E) authorizes the court in proceedings supplemental to 'apply' property to the judgment as provided in the statute." *Id.* The statute authorizes the proceedings supplemental court to order any non-exempt "property, income, or profits of the judgment debtor ... to be applied to the satisfaction of the judgment." Ind.Code § 34–55–8–7(a).

### I. Article 1, Section 22 of the Indiana Constitution

■ Carter first argues that the Vanderburgh County local rules, which mention the use of informations for contempt for failure to pay a judgment pursuant to a personal order of garnishment, violate Article 1, Section 22 of the Indiana Constitution. According to Carter, the use of contempt to force payment for a debt violates the constitutional prohibition against imprisonment for debt.

■ This argument concerns local rules enacted by Vanderburgh County courts. Local rules for the regulation of practice within a local court are authorized by Indiana Trial Rule 81. *In re Paternity of A.M.C.*, 758 N.E.2d 536, 539 (Ind.Ct. App.2001). Trial courts may establish rules for their own governance only as long as these rules are not inconsistent with rules prescribed by the supreme court or by statute. *Id.*; I.C. § 34–8–1–4. Presumably, the local rules must also be consistent with provisions of the Indiana Constitution. Inconsistent local rules are "deemed to be without force and effect." *In re Marriage of Murray*, 460 N.E.2d 1023, 1027 (Ind.Ct.App.1984).

Vanderburgh County Local Rules 1.23(C) and 1.05(E) provide: "Proceedings Supplemental hearings shall not be continued for progress after an order of garnishment or a personal order of garnishment has been obtained. To proceed on an information for contempt, a Proceedings Supplemental must have been filed and an order of garnishment or personal order of

---

**2.** Indiana Trial Rule 69(E) governs proceedings supplemental to execution and provides, in part:

Notwithstanding any other statute to the contrary, proceedings supplemental to execution may be enforced by verified motion or with affidavits in the court where the judgment is rendered alleging generally:

(1) that the plaintiff owns the described judgment against the defendant;

(2) that the plaintiff has no cause to believe that levy of execution against the defendant will satisfy the judgment;

(3) that the defendant be ordered to appear before the court to answer as to his non-

exempt property subject to execution or proceedings supplemental to execution or to apply any such specified or unspecified property towards satisfaction of the judgment; and,

(4) if any person is named as garnishee, that garnishee has or will have specified or unspecified nonexempt property of, or an obligation owing to the judgment debtor subject to execution or proceedings supplemental to execution, and that the garnishee be ordered to appear and answer concerning the same or answer interrogatories submitted with the motion.

garnishment obtained." Although the Local Rules do not define personal order of garnishment, it appears that the order requires a judgment debtor, rather than a third-party garnishee, to pay non-exempt income to satisfy a judgment. The Local Rules then seem to contemplate that an information for contempt may be filed to enforce the personal order of garnishment.

In this case, Grace Whitney Properties obtained a personal order of garnishment against Carter and then filed numerous informations for contempt against her. In August 2006, the small claims court ordered Carter to pay ten dollars a month on the debt. The small claims court reaffirmed that order in December 2007 and January 2009. In June 2009, Grace Whitney Properties caused a writ of attachment to be issued against Carter. Even though Carter told the court that she was disabled and had no money, the small claims court ordered Carter to serve thirty days in jail. The small claims court informed Carter that she could "purge herself of contempt" by paying $110 on the judgment. App. p. 4. Carter later filed a motion to correct error, which the small claims court granted. The small claims court then "expunge[d]" the sentence. *Id.* at 3. The information for contempt at issue here was filed in January 2010. Although the small claims court dismissed the January 2010 information for contempt, it is apparent that the filing of an information for contempt against Carter is a circumstance likely to recur. *See In re Lawrance,* 579 N.E.2d 32, 37 (Ind.1991) (holding that a moot case may be decided on its merits when the case involves issues likely to recur).

■ Article 1, Section 22 of the Indiana Constitution provides: "The privilege of the debtor to enjoy the necessary comforts of life, shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale, for the payment of any debt or liability hereafter contracted: and there shall be no imprisonment for debt, except in case of fraud." Relying on this provision, our supreme court has held that, except in the case of enforcement of child support orders, money judgments are not enforceable by contempt. *Pettit v. Pettit,* 626 N.E.2d 444, 447 (Ind.1993); *see also State ex rel. Wilson v. Monroe Superior Court IV,* 444 N.E.2d 1178, 1180 (Ind.1983) ("The Indiana Constitution, Article 1, Section 22, prohibits imprisonment for debt. Because she cannot be imprisoned for failure to pay the judgment debt, relator may not be imprisoned for proposing the judgment remain unsatisfied until she obtains attachable assets."). "[B]ecause parties may enforce obligations to pay a fixed sum of money through execution as provided in Trial Rule 69, all forms of contempt are generally unavailable to enforce an obligation to pay money." *Cowart v. White,* 711 N.E.2d 523, 531 (Ind.1999), *reh'g granted on other grounds, Cowart v. White,* 716 N.E.2d 401 (Ind.1999); *see also Allee v. State,* 462 N.E.2d 1074, 1075 (Ind. Ct.App.1984) ("Indiana law is clear in that money judgments are generally enforced by execution. Various other collateral and auxiliary remedies are available for the enforcement of money judgments, but contempt of court is not one of these.") (internal citations omitted). Even the threat of imprisonment is improper. *Button,* 909 N.E.2d at 1009.

The Vanderburgh County Local Rules appear to contemplate the use of contempt to enforce an obligation to pay money even where, as here, the debt does not involve child support or fraud. This threat of contempt and imprisonment has been repeatedly used against Carter. To the extent these local rules have been used as a basis for contempt proceedings for Car-

ter's failure to pay the judgment for Grace Whitney Properties, this process is in direct conflict with numerous decisions of our supreme court and this court.[3] Carter has made a prima facie showing that this procedure violates Article 1, Section 22 of the Indiana Constitution, which prohibits imprisonment for debt.

### *II. Personal Order of Garnishment*

■ Carter next argues that the small claims court erred when it refused to rescind the personal order of garnishment. According to Carter, the personal order of garnishment is not authorized by statute or appellate law, and the small claims court erred by keeping the personal order of garnishment in place despite evidence of Carter's inability to pay the judgment.

Our research reveals that the phrase "personal order of garnishment" is found only in the Vanderburgh County Local Rules. Although, as noted above, the local rules do not define "personal order of garnishment," it is evident from the small claims court's order that the personal order of garnishment requires a judgment debtor, rather than a third-party garnishee, to pay non-exempt income to satisfy a judgment.

■ We begin by addressing Carter's argument that a personal order of garnishment is not authorized by Indiana statutes. Indiana Code Section 34–55–8–7 appears to authorize a procedure that could be designated as a personal order of garnishment. It provides:

(a) After a hearing of which the judgment debtor has been notified, *the court may order:*

(1) any property, *income,* or profits *of the judgment debtor not exempt from execution or process, in the*

*hands* either *of the judgment debtor* or of any other person; or

(2) any debt due to the judgment debtor;

(3) *to be applied to the satisfaction of the judgment* and forbid transfers of property and choses in action.

(b) The *judge may order that:*

(1) *the judgment or execution is a continuing lien upon the income or profits of the judgment debtor in the hands* either *of the judgment debtor* or any other person, governmental officer, or corporation from the date the order is served upon the person, governmental officer, or corporation indebted to the judgment debtor to the extent that the lien, together with all similar liens, is permitted under IC 24–4.5–5–105; and

(2) the court may enforce all orders and decrees in the premises, by attachment or otherwise.

I.C. § 34–55–8–7 (emphasis added). Thus, a trial court may order income not exempt from execution or process in the hands of a judgment debtor to be applied to satisfy the judgment, which appears to be the process used by the small claims court here in entering the personal order of garnishment.

■ A personal order of garnishment appears to be authorized by Indiana Code Section 34–55–8–7, and we can envision circumstances where such an order would be useful, i.e., where the judgment debtor is self-employed. However, we agree with Carter that, under the circumstances here, the personal order of garnishment was improper. We held in *Button,* 909 N.E.2d at 1009, that "any order requiring [a debtor] to pay the judgment must be based on

---

3. The use of indirect contempt is, of course, permitted in other circumstances, such as failure to appear. *See* Ind.Code Chapter 34–47–3 (discussing indirect contempt of court).

evidence of his ability to pay." The judgment creditor has the burden of showing that the debtor has property or income that is subject to execution. *Kirk v. Monroe County Tire,* 585 N.E.2d 1366, 1369 (Ind.Ct.App.1992).

Here, Grace Whitney Properties presented no evidence to the small claims court indicating that Carter had the ability to pay $10.00 per month toward the judgment or satisfy the judgment through the personal order of garnishment. In fact, Carter presented evidence that she was disabled, received Social Security Disability payments, and had no non-exempt assets or income available to pay the judgment and that her circumstances were unlikely to change. She requested that the personal order of garnishment be rescinded, but the small claims court denied her request. We conclude that Carter has established prima facie error, and we reverse the small claims court's personal order of garnishment and order to pay $10 per month.

### III. Future Proceedings Supplemental

■ Carter argues that the small claims court erred when it denied her request to limit future proceedings supplemental against her by Grace Whitney Properties. Carter requested that the small claims court issue an order that Grace Whitney Properties not be allowed to seek enforcement of the judgment in the absence of a good faith belief that Carter has property or income subject to court process, but the small claims court denied her request.

We noted in *Kirk,* 585 N.E.2d at 1369, that a creditor cannot require a debtor to attend ongoing proceedings supplemental hearings and be reexamined continuously as to whether the debtor has acquired any new assets or income. "A second order or examination of the debtor requires a showing by the creditor that new facts justify-

ing a new order or examination have come to the knowledge of the creditor." *Kirk,* 585 N.E.2d at 1369 (citing 33 C.J.S Executions § 365(3)(g) (1942)).

> If several examinations within a short time of one another have recently taken place, then facts should be shown from which it may be inferred that the judgment creditor will obtain useful information, and the examination is not being used as a club to enforce settlement of claims which the debtor is without property to pay.

*Id.* (quoting 33 C.J.S Executions § 365(3)(g) (1942), and citing *Federal Loan Corp. v. Harris,* 17 Ill.App.3d 49, 308 N.E.2d 125, 127 (1974) (holding that a general "fishing expedition" for assets may be conducted on initial citation for supplementary proceeding; but thereafter, the judgment creditor must show existence of facts giving rise to belief the judgment debtor has property or income to satisfy the judgment)). Again, the judgment creditor has the burden of showing that the debtor has property or income that is subject to execution. *Id.*

Having been made aware repeatedly that Carter is disabled and has no income or property that can be used to satisfy the judgment, Grace Whitney Properties must make a showing that new facts justifying a new order or examination have come to its knowledge in order to justify future proceedings supplemental. Future "fishing expeditions" are improper. Carter has made a prima facie showing that the small claims court erred when it denied her motion on this issue.

### Conclusion

We conclude that Vanderburgh County Local Rules 1.23(C) and 1.05(E), as applied here, violate Article 1, Section 22 of the Indiana Constitution because they contemplate the use· of contempt to enforce an

obligation to pay money even where, as here, the debt does not involve child support or fraud. Although a "personal order of garnishment" is permitted under the Indiana proceedings supplemental statutes, the small claims court erred by continuing the personal order of garnishment where Carter presented evidence that she had no non-exempt assets or income available to pay the judgment and that her circumstances were unlikely to change. Further, future proceedings supplemental against Carter by Grace Whitney Properties must be supported by a showing that new facts justifying a new order or examination have come to its knowledge. We reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

FRIEDLANDER, J., and CRONE, J., concur.