**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**CHRISTOPHER L. GARRISON**
Garrison Law Firm, L.L.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
CORPORATE CLEANING SYSTEMS, INC.:

**JENNIFER M. BRILL**
Freund, Freeze & Arnold, LPA
Dayton, Ohio

ATTORNEY FOR APPELLEE
WOMEN'S HEALTH PARTNERSHIP:

**SAWYER NICOLE THORP**
Indianapolis, Indiana

**FILED**

May 07 2013, 9:34 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PATTI S. MAXFIELD and RONALD G. MAXFIELD, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1209-CT-707 |
| | ) | |
| WOMEN'S HEALTH PARTNERSHIP, P.C., and CORPORATE CLEANING SYSTEMS, INC., | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Theodore M. Sosin, Judge
Cause No. 49D02-1002-CT-5519

**May 7, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Following an examination at Clearvista Women's Care ("Clearvista"), which is owned by Women's Health Partnership, P.C. ("Women's Health"), Patti S. Maxfield ("Maxfield") slipped and fell to the floor. Maxfield did not observe any foreign substances on the floor, but did notice that the floor looked very shiny. Maxfield and her husband, Ronald G. Maxfield (collectively, "the Maxfields"), filed suit against Women's Health and Corporate Cleaning Systems, Inc. ("Corporate Cleaning"), the company that had been hired to clean the Clearvista facility. Corporate Cleaning filed a motion for summary judgment, in which Women's Health joined. The trial court granted the motion for summary judgment, and the Maxfields appeal.

The Maxfields' case against Corporate Cleaning rests on speculation that the floor had been excessively waxed; therefore, we affirm the grant of summary judgment for Corporate Cleaning. The Maxfields argue that, even if the floor was not over-waxed, Women's Health should have realized that the floor was slippery and taken precautions to prevent patients from falling. Nothing in the designated evidence indicates that Women's Health knew or should have known that the floor might have been unreasonably slippery; therefore, we affirm the grant of summary judgment for Women's Health.

**Facts and Procedural History**

On February 12, 2008, Maxfield had an appointment at Clearvista with Dr. John F. Wagner. Maxfield was taken to an exam room and asked to change into a hospital gown. Maxfield changed into the gown, but kept her socks on. Maxfield noticed some magazines

off to the side of the room, and as she walked over to look at them, she slipped, but was able to stay on her feet. Maxfield then walked carefully over to the exam table, got up on the table, took off her socks, and tossed her socks aside.

After her exam, Dr. Wagner and his nurse left the room in order to give Maxfield a chance to change back into her clothes. As Maxfield stepped down from the table, her foot slipped on the floor. Maxfield tried to catch herself by grabbing onto the table, but she hit her head on the table and fell to the floor. Maxfield noticed that the floor appeared to be very shiny.

On February 5, 2010, Maxfield and her husband filed a negligence suit against Women's Health and Corporate Cleaning, which had been hired to clean the Clearvista facility. The Maxfields alleged that "[e]mployees of Clearvista Women's Care were negligent in ignoring the hazard [the slippery floor], or failing to discover the hazard, and not removing the hazard or warning [Maxfield] to keep her rubber-soled shoes on in order to avoid slipping." Appellants' App. at 12. The Maxfields alleged that Corporate Cleaning "was negligent in over-buffing or over-waxing the floors." *Id*.

On October 5, 2011, Corporate Cleaning filed a motion for summary judgment. Women's Health was permitted to join in Corporate Cleaning's motion. The designated evidence included Maxfield's deposition, Dr. Wagner's deposition, and Corporate Cleaning's

answers to interrogatories.[1] Maxfield testified that she did not feel or notice any foreign substances on the floor or on her socks. After the first time that she slipped, Maxfield did not specifically look to see if anything was on the floor, but she felt that her socks were dry. After the second time that she slipped, she also did not specifically look to see if anything was on the floor, but she did notice that the floor was very shiny. When she was asked why she had alleged that the floor had been over-buffed or over-waxed, she said, "I just felt that they were real shiny. And why would my feet slip without my socks on?" *Id*. at 151.

Dr. Wagner testified that he did not have any difficulty walking on the floor that day. He indicated that he normally wears dress shoes or running shoes to work. He did not notice any of his nurses having trouble walking on the floor. He did not notice any foreign substances on the floor and did not notice anything that made him think that the floor was slippery prior to Maxfield's fall. He had no reason to think that Maxfield was dizzy, lightheaded, or had done anything imprudent that contributed to her fall. None of the other patients that day complained about the floor being slippery.

Corporate Cleaning's answers to interrogatories reflected that the floors "were swept, mopped with a light soap and then mopped again with water on a nightly basis." *Id*. at 174.

---

[1] The appendix does not include any of the parties' filings relating to the motion for summary judgment, but does include Maxfield's deposition, Dr. Wagner's deposition, and Corporate Cleaning's answers to interrogatories. There does not appear to be any dispute that these materials were part of the designated evidence, but we are unable to determine what parts of these materials were specifically designated or whether there was any additional evidence. Parties generally are not permitted to designate entire depositions, but must indicate the portions on which they rely. *Filip v. Block*, 879 N.E.2d 1076, 1081 (Ind. 2008). We have reviewed portions that were specifically cited by the parties in their briefs. Given our standard of review, parties should provide us with a record that enables us to determine what evidence was designated and that includes all of the designated evidence. *See* Ind. Appellate Rule 50(A)(2)(f) (appendix shall contain "pleadings and other documents from the Clerk's Record in chronological order that are necessary for resolution of the issues raised on appeal.").

Corporate Cleaning also "provided periodic waxing," *id*.; however, nothing in the record before us indicates when the floors had last been waxed prior to Maxfield's fall.

On June 4, 2012, the trial court heard arguments on the motion for summary judgment. On August 9, 2012, the court issued an order granting the motion for summary judgment with the following findings:

> 1. Plaintiff Patti S. Maxwell claims she was injured when she stepped down from a doctor's office examination table and slipped and fell to the floor. Plaintiff sued Defendant Corporate Cleaning Systems, Inc. ("CCS") alleging negligence on its part for over-buffing or over-waxing the floors at Clearvista Women's Care, where her medical examination took place.
>
> 2. After she fell, and before getting up, Plaintiff did not feel any substance on the floor. She was able to get to her feet after she fell. Once on her feet, she did not inspect the area where she fell to see if anything was on the floor that caused her to fall, although she subsequently testified that the floor looked shiny and felt slick.
>
> 3. The Plaintiff testified that she noticed the area of the floor near the magazines appeared to be slick before she carefully walked to the examination table, where she then removed her socks so she would not slip and fall when getting down from the table. She confirmed that there was nothing foreign on her socks when she took them off.
>
> 4. No one at Dr. Wagner's office, including staff and other patients, noticed any problems with the floor on the day of the incident.
>
> 5. Plaintiff can offer no facts supporting her theory that the examination room's floor was over-buffed or over-waxed by CCS. As Indiana's general rule that negligence liability cannot be inferred by mere speculation as to the cause of a fall, CCS did not breach any duty to Plaintiff and therefore summary judgment is granted in favor of CCS and Women's Health Partnership, P.C.

*Id*. at 8-9. The Maxfields now appeal.

**Discussion and Decision**

When reviewing a ruling on a motion for summary judgment, our standard of review is the same as it is for the trial court. *Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012).

> Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Once the moving party meets these two requirements, the burden shifts to the non-moving party to show the existence of a genuine issue of material fact by setting forth specifically designated facts. We must accept as true those facts alleged by the nonmoving party, construe the evidence in favor of the nonmoving party, and resolve all doubts against the moving party.

*Ryan v. Brown*, 827 N.E.2d 112, 117 (Ind. Ct. App. 2005) (citations and quotation marks omitted).

### I. Corporate Cleaning

The Maxfields phrase the issue as follows:

> Whether deposition opinion testimony of an injured party is sufficient to avoid summary judgment when she stated that the examination room floor felt slippery in spots and caused her to slide when she walked across it in socked feet, and that it looked shiny as if it had been over-buffed or over-waxed[, and whether] said opinion testimony is admissible under Ind. Rule of Evidence 701 as "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue."

Appellants' Br. at 1.

Corporate Cleaning states that it "does not dispute that Maxfield's testimony that the floor 'looked shiny and felt slick' should be considered. However, Maxfield underline speculates that this is because it was over-waxed or over-buffed." Appellees' Br. at 7-8.

6

Maxfield testified that her opinion that the floor had been over-waxed was based solely on her observation that the floor was shiny. A floor could appear shiny whether or not it had been waxed and whether or not it had been excessively waxed; therefore, we agree with the trial court's conclusion that Maxfield's opinion as to the cause of her fall was based on speculation.[2] *See Beatty v. LaFountaine*, 896 N.E.2d 16, 20 (Ind. Ct. App. 2008) (mere speculation cannot establish a genuine issue of material fact), *trans. denied* (2009). We affirm the grant of summary judgment for Corporate Cleaning.

## II. Women's Health

The Maxfields argue that even if the fall was not caused by excessive waxing of the floor, Women's Health knew or should have known that the floor was slippery and taken precautions to prevent patients from falling. Therefore, the Maxfields claim that Women's Health could be liable even if Corporate Cleaning is not. Women's Health did not file its own brief, but joined in Corporate Cleaning's brief. That brief does not address arguments that were directed solely to Women's Health; therefore, Women's Health has in effect failed to brief this issue. "An appellee's failure to respond to an issue raised by an appellant is akin to failure to file a brief." *Ponziano Constr. Servs. Inc. v. Quadri Enters., LLC*, 980 N.E.2d 867, 875 (Ind. Ct. App. 2012). "This circumstance does not, however, relieve us of our

---

[2] The parties devote a large portion of their briefs to discussion of several slip-and-fall cases in which the plaintiff either was not able to testify or had not made any visual observations about the condition of the area in which they slipped. *See Hall v. Eastland Mall*, 769 N.E.2d 198 (Ind. Ct. App. 2002); *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456 (Ind. Ct. App. 2000); *Midwest Commerce Banking Co. v. Livings*, 608 N.E.2d 1010 (Ind. Ct. App. 1993); *Ogden v. Decatur Cnty. Hosp.*, 509 N.E.2d 901 (Ind. Ct. App. 1987), *trans. denied* (1988); *Wright Corp. v. Quack*, 526 N.E.2d 216 (Ind. Ct. App. 1988), *trans. denied*. These cases do not provide much guidance, because the issue here is not that Maxfield was unable to give any testimony about the condition of the floor, but whether it is reasonable to draw a certain conclusion from her observations.

obligation to decide the law as applied to the facts in the record in order to determine whether reversal is required." *Id*. We do not undertake to develop an argument on the appellee's behalf, and we may reverse upon a prima facie showing of reversible error. *Id*. Prima facie means "at first sight, on first appearance, or on the face [of] it." *Id*. (quoting *Carter v. Grace Whitney Props.*, 939 N.E.2d 630, 633 (Ind. Ct. App. 2010).

The designated evidence reflects that neither Dr. Wagner, nor the nurses, nor the other patients had difficulty walking on the floor that day. After initially slipping on the floor on the way to look at magazines, Maxfield did not alert the staff to the fact that she had slipped. As discussed above, the fact that the floor was shiny is not necessarily indicative of an excessively slick floor. We find nothing in the designated evidence that would have or should have alerted the staff to the fact that the floor might be unreasonably slippery. Therefore, we conclude that the Maxfields have failed to make a prima facie showing that the trial court erred by granting summary judgment for Women's Health, and we affirm.

Affirmed.

ROBB, C.J., and FRIEDLANDER, J., concur.

8