# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 25 2017, 9:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Katherine J. Noel
Justin K. Clouser
Noel Law
Kokomo, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marrill Getche, | May 25, 2017 |
| *Appellant-Respondent,* | Court of Appeals Case No. 61A04-1611-PO-2713 |
| v. | Appeal from the Parke Circuit Court |
| Barbara E. Kimbler, | The Honorable Sam A. Swaim, Judge |
| *Appellee-Petitioner.* | Trial Court Cause No. 61C01-1609-PO-291 |

**Bradford, Judge.**

# Case Summary

[1] Appellant-Respondent Marrill Getche appeals from the trial court's denial of a motion to correct error regarding the issuance of an order of protection against him in favor of Appellee-Petitioner Barbara Kimbler. Getche raises the following restated issue for our review: whether there was sufficient evidence to support the issuance of the protective order. Concluding that there was insufficient evidence for the trial court to issue the protective order, we reverse.

# Facts and Procedural History

[2] Sometime in 2007, Kimbler's boyfriend, Doug McLiesh, entered into a contract for the purchase of real property from Getche. Kimbler subsequently moved into the home with McLiesh. At some point between 2007 and 2016, Kimbler asserts that Getche both stalked and committed a sexual offense against her.

[3] On September 2, 2016, Kimbler filed an ex-parte petition for an order of protection. In the petition, Kimbler alleged that Getche had "threatened to cause physical harm," "placed [her] in fear of physical harm," "caused [her] to involuntarily engage in sexual activity by force, threat of force, or duress," and "committed a stalking offense against [her]." Appellant's App. Vol. II, p. 12. The trial court granted the request that same day. Getche requested a hearing, which was held on September 29, 2016.

[4] During the hearing, Kimbler testified that Getche had done a number of things that she considered harassment. Specifically, Kimbler testified that Getche

"[r]an through our yard spray painting things to mark his land… He wouldn't answer me. It was really scary." Tr. Vol. II, p. 8. Kimbler also expressed anger regarding a gate that Getche installed on the easement that Kimbler used to access the home. She testified that the gate was "very difficult to open and close, and that was the first bit of harassment that we felt we got from him." Tr. Vol. II, p. 10. "[H]e [also] spray painted the gate Pepto Bismol pink, which it remains that color. Another harassment in my book." Tr. Vol. II, p. 10. Per Kimbler's testimony, a tree fell down on Getche's property, which he later cut down and piled up entirely on his property. Getche would not let Kimbler remove the tree from his property, so according to her, "[he]'s damaging the aesthetics of our house, and I think it's a harassment tactic." Tr. Vol. II, p. 15. Kimbler also complained that it was "very creepy" when Getche would take his dog out for exercise around his property while riding his four-wheeler each morning and evening. Tr. Vol. II, p. 19.

[5] The trial court found that Kimbler met her burden as to the stalking offense, but not as to the sex offense. On September 30, 2016, the trial court granted Kimbler's request for a permanent order of protection in a brief order without any detailed findings of fact. Getche filed a motion to correct error on October 26, 2016. The trial court denied Getche's motion on November 2, 2016.

# Discussion and Decision

## I. Standard of Review

We initially observe that Kimbler failed to file an appellee's brief. We will not develop an argument on her behalf and we may reverse upon Getche's prima facie showing of reversible error. *See Carter v. Grace Whitney Props.*, 939 N.E.2d 630, 633 (Ind. Ct. App. 2010), *trans. denied*. Prima facie error, in this context, means "at first sight, on first appearance, or on the face [of] it." *Id.* at 633-34. By requiring the appellant to show some error on appeal, we ensure that the court decides the law without imposing the improper burden of having to act as an advocate for an absent appellee. *Id.*

We review the denial of a motion to correct error for an abuse of discretion. *Kornelik v. Mirtal Steel USA, Inc.*, 952 N.E. 320, 324 (Ind. Ct. App. 2011), *trans. denied*. "An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law." *Hawkins v. Cannon*, 826 N.E.2d 658, 661 (Ind. Ct. App. 2005).

## II. Indiana Civil Protection Order Act

"The Indiana Civil Protection Order Act ("CPOA") provides that a protective order may be issued when a trial court finds, by a preponderance of the evidence, that the respondent represents a credible threat to the safety of petitioner —that is, that domestic or family violence has occurred." *Maurer v. Cobb-Maurer*, 994 N.E.2d 753, 756 (Ind. Ct. App. 2013). "For the purposes of the CPOA, the definition of 'domestic or family violence' 'also includes stalking (as defined in IC 35-45-10-1) or a sex offense under IC 35-42-4….'" *Id.* Under

Indiana Code section 35-45-10-1, stalking "means a knowing or an intentional course of conduct involving repeated or continuing harassment of another person that would cause a *reasonable person* to feel terrorized, frightened, intimidated, or threatened and that actually causes the victim to feel terrorized, frightened, intimidated, or threatened." (emphasis added). Harassment is defined as "conduct directed toward a victim that includes but is not limited to repeated or continuing impermissible contact that would cause a *reasonable person* to suffer emotional destress and that actually causes the victim to suffer emotion distress." Ind. Code § 35-45-10-2 (emphasis added).

[9] To obtain a protective order, a petitioner must establish by a preponderance of the evidence at least one of the allegations in the petition. *A.S. v. T.H.*, 920 N.E.2d 803, 806 (Ind. Ct. App. 2010). Getche contends there was insufficient evidence to support the trial court's issuance of a protective order against him because no evidence of stalking or harassment was presented. "In determining the sufficiency of the evidence on appeal, we neither weigh the evidence nor resolve questions of credibility. We look only to the evidence of probative value and reasonable inferences that support the trial court's judgment." *Id*.

[10] In the present case, the mere fact that Kimbler was bothered by Getche's various actions including painting the gate pink or riding around on his four-wheeler does not elevate those actions to the level of stalking and harassment. All of Getche's allegedly offensive behavior occurred on his own property and there is no evidence that Kimbler repeatedly felt "terrorized, frightened, intimidated or threatened" by Getche's actions. *Maurer*, 994 N.E.2d at 759.

Kimbler used the words harassed and "creepy," but never elaborated as to the effect that the contacts had on her. Tr. Vol. II, p. 19. Kimbler failed to produce evidence sufficient to sustain a finding that she felt "terrorized, frightened, intimidated or threatened" by Getche and his actions. *Maurer*, 994 N.E.2d at 759. With regard to feeling harassed, Kimbler merely points to the gate which she found difficult to open and close, Getche's decision to paint the fence pink in honor of his wife's fight against cancer, and Getche's failure to remove the cut timber from a tree that had fallen on his land. Based on Kimbler's testimony, these specific instances were nothing more than an annoyance to her. Kimbler also testified that "[i]t was really scary" when Getche spray painted things in his yard to mark his land. Tr. Vol. II, p. 8. While this action may have scared her, there is no evidence that Kimbler felt that she was in any danger at that time or that the action was repeated. Finally, Kimbler pointed to Getche's "very creepy" habit of riding his four-wheeler around twice a day on his own property to exercise his dog. Tr. Vol. II, p. 19. Kimbler's belief that such actions are "creepy" does not rise to the level of her feeling "terrorized, frightened, intimidated or threatened." *Maurer*, 994 N.E.2d at 759.

[11] Concluding that there was insufficient evidence presented at the hearing to support the trial court's issuance of a protective order, we reverse.

Najam, J, and Riley, J., concur.