## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 30 2020, 8:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Thomas T. Bohlsen, | December 30, 2020 |
| *Appellant-Respondent,* | Court of Appeals Case No. 20A-DC-1395 |
| v. | Appeal from the Hamilton Superior Court |
| Victoria D. Bohlsen, | The Honorable David K. Najjar, Judge |
| *Appellee-Petitioner.* | Trial Court Cause No. 29D01-1709-DC-8533 |

**Brown, Judge.**

[1] Thomas T. Bohlsen ("Husband") appeals the trial court's June 29, 2020 order finding him in contempt. We affirm in part and reverse in part.

*Facts and Procedural History*

[2] On April 15, 2019, the trial court entered a decree of dissolution with respect to the marriage of Husband and Victoria D. Bohlsen ("Wife"). The decree divided the marital property and included the following provisions:

> 31. The marital balance sheet was provided to Court, . . . and summarizes the division of marital property for the parties. Recognizing the fact that [Husband] dissipated assets not furthering the joint enterprise of the marriage by means of squandering personal property contained in three different storage containers, by engaging in 17 different lawsuits involving assets of the marriage and frivolously spending untold thousands of dollars of litigation costs, by pleading guilty for check fraud, and in borrowing over $1,200,000 from [Wife's] company, . . . a presumption of a 50/50 division of the marital estate is not appropriate and equity demands the marital estate will be divided on a 57% ([Wife]) 43% ([Husband]) basis.
>
> * * * * *
>
> 54. The parties own a property held by 1142 Investments, LLC of which [Husband] is the registered manager at 1215 Southeastern Street, Indianapolis, IN. The parties shall each retain a 50% interest in this real estate. At such time the property is sold, the proceeds shall be divided equally. This Court shall retain jurisdiction of this property and in the event a dispute arises, the Court shall retain jurisdiction to appoint a commissioner to oversee sale of the property.

Appellant's Appendix Volume II at 37, 42-43. The decree also ordered Husband to pay Wife $147 per week in child support.

[3]     On April 30, 2020, Wife filed a Verified Motion for Rule to Show Cause Regarding Child Support alleging that Husband had not paid any child support since October 25, 2019, when he paid her $12,000 to purge himself of contempt. She further alleged that Husband had sold the property located at 1215 Southeastern Street for $359,960 in early April 2020 and owes her $179,980 for her share of the proceeds. On June 24, 2020, the court held a hearing.

[4]     On June 29, 2020, the court entered an Order on Contempt which provided in part:

> 4. [Husband] failed to pay child support as and when it was due, accruing a large arrearage. However, [he] has now paid his child support arrearage in full. . . .
>
> 5. The real estate at 1215 Southeastern in Indianapolis was sold by 1142 Investments, LLC [] on or about April 6, 2020. The evidence [Husband] produced at the hearing on June 24, 2020 show[s] the property was encumbered by a lien held by an entity entitled 1215 Investments, which received $350,000 from the sale price at closing. 1215 Investments is an entity in which [Husband] has an interest and is one of the managers. [He] testified and produced evidence that 1215 Investments had a lien on the property for $424,950 which was settled as a result of the sale. He further testified the cash received by 1142 Investments, after the payoff of the loan, taxes, and closing costs was only $1,646.42.
>
> 6. The evidence of a loan is in stark contrast to the evidence produced at the Final Hearing, and upon which the Court relied in its Decree. At that time, the evidence showed the property at 1215 Southeastern was worth $400,000. No evidence was submitted regarding any mortgages, liens, or encumbrances on the property, or any loans secured by the property. Further, no evidence was submitted of the existence of 1215 Investments, that [Husband] had any interest in the

company, or that 1215 Investments had any connection to the property at 1215 Southeastern at all.

* * * * *

9. . . . . Either [Husband] withheld information and documentation from [Wife] which would have been relevant at the time of the final hearing, but which would have demonstrated an even further dissipation of marital assets by [Husband], or [he] has fabricated evidence to attempt to defeat [Wife's] contempt claim and deny her the portion of the marital estate granted to her by the Court in its Decree. In either case, [Husband], and his proffered evidence, cannot be given any credibility by this Court.

10. The Court finds, pursuant to the Decree, [Wife] is entitled to one-half of the proceeds of the sale of the property at 1215 Southeastern. The Court finds the proceeds to be the amounts realized from the sale less closing costs and tax payments. This sum does not include the $350,000.00 set off to 1215 Investments. The total realized for purposes of the division of the marital estate, is therefore $351,646.42. [Wife's] share is $175,823.21, which the Court will order paid to her within thirty (30) days.

11. The Court hereby finds [Husband] in contempt of the Court's Decree in that he failed to pay child support as and when it was due, and that he failed to pay [Wife] her share of the sale of the 1215 Southeastern property as ordered.

12. As a further sanction for his contempt, the Court will order [Husband] incarcerated for a period of sixty (60) days. The execution of this sentence shall be stayed pending [his] further compliance with this Court's orders. Furthermore, [Husband] shall be ordered to pay [Wife's] attorney fees in this matter, in the amount of $2,100.00. . . .

13. The amount due and owing to [Wife], in the amount of $175,823.21 shall be reduced to judgment in favor of [Wife] and against [Husband]. . . .

*Id*. at 23-27.

## Discussion

Husband maintains the trial court erred in ordering that he be incarcerated for contempt unless he made payment. He argues there was no child support obligation to be enforced by contempt and the past arrearage provided no proper basis for the contempt order. He argues the court improperly sought to use contempt to enforce an order for payment of a sum awarded as a property division.

Wife has not filed an appellee's brief, and we will not develop an argument on her behalf and may reverse upon Husband's prima facie showing of reversible error. *See Carter v. Grace Whitney Props.*, 939 N.E.2d 630, 633 (Ind. Ct. App. 2010), *trans. denied*. Prima facie error, in this context, means "at first sight, on first appearance, or on the face [of] it." *Id.* at 633-634. By requiring the appellant to show some error on appeal, we ensure that the court decides the law without imposing the improper burden of having to act as an advocate for an absent appellee. *Id.*

In *Pettit v. Pettit*, the Indiana Supreme Court held that "contempt is always available to assist in the enforcement of child support, at least in respect of unemancipated children, including orders to pay accrued arrearages and money judgments against delinquent parents for past due amounts." 626 N.E.2d 444, 447 (Ind. 1993). The *Pettit* Court stated that its holding was "limited to the use of contempt to assist in the enforcement of money judgments for child support.

Except for this limited situation, grounded in the unique natural relationship of parent and child, the general rule that money judgments are not enforceable by contempt remains unaffected by our decision today." *Id.*

[8]     In *Carter*, this Court explained:

> Article 1, Section 22 of the Indiana Constitution provides: "The privilege of the debtor to enjoy the necessary comforts of life, shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale, for the payment of any debt or liability hereafter contracted: and there shall be no imprisonment for debt, except in case of fraud." Relying on this provision, our supreme court has held that, except in the case of enforcement of child support orders, money judgments are not enforceable by contempt. *Pettit v. Pettit*, 626 N.E.2d 444, 447 (Ind. 1993); *see also State ex rel. Wilson v. Monroe Superior Court IV*, 444 N.E.2d 1178, 1180 (Ind. 1983) ("The Indiana Constitution, Article 1, Section 22, prohibits imprisonment for debt. Because she cannot be imprisoned for failure to pay the judgment debt, relator may not be imprisoned for proposing the judgment remain unsatisfied until she obtains attachable assets."). "[B]ecause parties may enforce obligations to pay a fixed sum of money through execution as provided in Trial Rule 69, all forms of contempt are generally unavailable to enforce an obligation to pay money." *Cowart v. White*, 711 N.E.2d 523, 531 (Ind. 1999), *reh'g granted on other grounds*, *Cowart v. White*, 716 N.E.2d 401 (Ind. 1999); *see also Allee v. State*, 462 N.E.2d 1074, 1075 (Ind. Ct. App. 1984) ("Indiana law is clear in that money judgments are generally enforced by execution. Various other collateral and auxiliary remedies are available for the enforcement of money judgments, but contempt of court is not one of these.") (internal citations omitted). Even the threat of imprisonment is improper. *Button[ v. James*, 909 N.E.2d 1007, 1009 (Ind. Ct. App. 2009)].

939 N.E.2d at 635. To the extent Husband acknowledges Ind. Code § 31-15-7-10,[1] we note that the Indiana Supreme Court has held that "[t]his statute is certainly subject to the constitutional prohibition on imprisonment for debt." *Cowart*, 711 N.E.2d at 531.

[9] Here, while the trial court found Husband in contempt for failing to pay child support, the court also found that Husband had paid the child support arrearage in full. Thus, a sanction on that basis was improper. As for the 1215 Southeastern property, the court found that either Husband withheld information at the final hearing or fabricated evidence to attempt to defeat Wife's claim. Its order finding Husband in contempt for failing to transfer to Wife her share of the proceeds of sale of the property based on this withholding or fabrication was not improper. However, the court also reduced Wife's share of the proceeds of the sale to a money judgment. Husband has demonstrated *prima facie* error in the court's imposition of a sanction of incarceration for his failure to pay the money judgment.

[10] For the foregoing reasons, we affirm in part and reverse in part.

---

[1] Ind. Code § 31-15-7-10 provides:

Notwithstanding any other law, all orders and awards contained in a dissolution of marriage decree or legal separation decree may be enforced by:

(1) contempt;

(2) an income withholding order; or

(3) any other remedies available for the enforcement of a court order;

except as otherwise provided by this article.

Affirmed in part and reversed in part.

Vaidik, J., and Pyle, J., concur.